EIGHTEENTH JUDICIAL DISTRICT COURT

OF THE

STATE OF LOUISIANA

PARISH OF WEST BATON ROUGE 1042334

| | | |
|---|---|---|
| SHAF-LAND, L.L.C. | : | DOCKET NO. 42334 |
| v. | : | DIVISION: B |
| SUNBELT CHEMICALS CORP. | : | JUDGE: ______ |

**PETITION FOR DAMAGES AND BREACH OF CONTRACT**

NOW INTO COURT, through undersigned counsel, comes Petitioner, SHAF-LAND, L.L.C. ("SHAF-LAND"), a Louisiana limited liability company domiciled in East Baton Rouge Parish, which respectfully represents:

RECEIVED AND FILED
2015 JUL 30 AM 9:
DEPUTY CLERK
Kathy Blanchard

1.

Made defendant herein is the following:

A. **SUNBELT CHEMICALS CORP. ("SUNBELT,")** a South Carolina corporation authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, UCS of Louisiana, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

B. **AIG SPECIALTY INSURANCE COMPANY,** a foreign insurance company authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, La. 70809.

**VENUE**

2.

Venue is proper in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, under Louisiana Code of Civil Procedure article 80, as this is an action arising from the breach of a lease of immovable property that is located in West Baton Rouge Parish.

3.

SHAF-LAND is the owner of immovable property and improvements located at the municipal address of 1259 Safe Energy Drive, Port Allen, Louisiana 70767, lying and forming

EXHIBIT "A"



26898



portions of Section 57, 58 and 59, T-7-S, R-12-E, and Section 50, T-6-S, R-12-E, Ward 4, West Baton Rouge Parish, Louisiana, and being a portion of the property known as the Poplar Grove Plantation (the "Property.") The Property in question consists of approximately 10.50 acres of land and three separate buildings totaling approximately 75,700 rentable square feet.

4.

On or about April 4, 2008, SHAF-LAND, as lessor, and SUNBELT, as lessee, executed a Commercial Lease, which is attached hereto as Exhibit "1," wherein SUNBELT agreed to lease the three buildings located on the Property, together with any parking spaces or areas serving the Property, any driveways, the land upon which they are located and all other buildings and improvements thereon, (collectively referred to herein as the "Leased Premises.") The primary term of the Commercial Lease was for a period of seven (7) years, commencing on April 4, 2008 and ending on April 3, 2015.

5.

In or around January of 2015 SUNBELT advised SHAF-LAND that it would not be renewing the Commercial Lease after its primary term concluded on April 3, 2015. SHAF-LAND then began the process of marketing the Leased Premises in an effort to identify a new lessee. During this process, SHAF-LAND was made aware that SUNBELT'S operations on the Leased Premises during the primary term of the lease caused serious damage to the Leased Premises, including but not limited to damage to the roof, walls and structural support system of at least one of the buildings which SUNBELT occupied and in which it conducted its operations during the primary term of the lease. The damage in question is so severe that SHAF-LAND has been advised that the building in question will require demolition and will have to be re-constructed in its entirety. Under the circumstances, SHAF-Land is unable to re-lease the premises until the damages caused by SUNBELT'S operations are repaired. Further, the damages caused by SUNBELT's operations have resulted in a significant decrease in the market value of the Property, which has resulted and will result in a significant loss to SHAF-LAND.

6.

Upon information and belief SUNBELT also dumped certain chemical constituents on the Leased Premises without a permit and improperly, which actions have resulted in environmental contamination to the Leased Premises that must be remediated.



7.

Section 17 of the Commercial Lease obligates Sunbelt to "surrender possession of the Leased Premises immediately to Lessor in good order and condition clear of all personal property and broom cleaned and shall repair all damages to the premises, usual wear and tear, acts of God, terrorism, casualty, civil disorder and other conditions beyond the Lessee's reasonable control excepted."

8.

Louisiana Civil Code article 2683 obligates a lessee to "use the thing as a prudent administrator and in accordance with the purpose for which it was leased" and "to return the thing at the end of the lease in a condition that is the same as it was when the things was delivered to him, except for normal wear and tear..." Article 2686 provides that "if the lessee uses the thing... in a manner that may cause damage to the thing" the lessor is entitled to recover "any damages he may have sustained." Article 2687 further provides that the "lessee is liable for damage to the thing caused by his fault or that of a person who, with his consent, is on the premises or uses the thing." Finally, Article 2692 obligates the lessee to "repair damage to the thing caused by his fault or that of persons who, with his consent, are on the premises or use the thing, and to repair any deterioration resulting from his or their use to the extent it exceeds the normal or agreed use of the thing." The Louisiana Supreme Court has interpreted these articles to mean that a lessee has an obligation to restore the property to its pre-lease condition at the termination of the lease, minus wear and tear, and to correct any damage caused by the lessee's unreasonable and excessive operations. *Marin v. Exxon Mobil Corp.*, 48 So.3d 234 (La. 10/19/10).

9.

The damage occasioned to the Leased Premises by SUNBELT's operations far exceeds "normal wear and tear" and is necessarily the result of Sunbelt's unreasonable and excessive operations on the Leased Premises.

10.

SHAF-LAND asserts that SUNBELT engaged in the following unreasonable and excessive operations that caused damage to the Property beyond normal wear and tear:

a. failure to utilize the proper equipment, including an adequate fume recovery and scrubbing system, to mitigate chemical and acidic fumes emitted during its packaging operations;

b. failure to take reasonable and necessary steps to decontaminate and/or remove acidic residue from the walls, roof and floor of the Leased Premises;

c. failure to perform basic maintenance and cleaning in connection with their chemical packaging operations to prevent unreasonable and avoidable damage to the Leased Premises;

d. failure to comply with accepted industry practices and procedures;

e. failure to comply with applicable and relevant regulatory provisions;

f. disposal of hazardous chemicals in violation of applicable regulations;

g. conducting its operations in a negligent manner, which operations resulted in damage to the Leased Premises;

h. other acts of negligence and unreasonable and excessive operations to be shown a trial.

11.

On February 13, 2015, amicable demand was made on SUNBELT to fulfill their obligation under the Commercial Lease to repair the damage to the Leased Premises that was caused by their excessive and unreasonable operations so that the Leased Premises could be placed back into commerce and re-leased. Additionally, e-mail correspondence was directed to SUNBELT's Executive Vice-President, Tim Capp, on March 3, 2015 forwarding a copy of the February 13, 2015 correspondence directed to SUNBELT. The February 13, 2015 correspondence was sent via certified mail to the address stipulated in the Commercial Lease for all notices relating to the Commercial Lease and was received by SUNBELT on March 20, 2015. However, at no time did SUNBELT contact SHAF-LAND regarding the repairs, nor did they make any attempt to fulfill their obligations under the Commercial Lease to return the Leased Premises to its pre-lease condition at the termination of the lease, minus wear and tear, and/or to correct any damage caused by the lessee's unreasonable and excessive operations.

12.

Additionally, SUNBELT further breached its obligations under the Commercial Lease by failing to make its final rental payment due and owing for the month of March 2015 in the

amount of $23,151.

13.

SHAF-LAND again made amicable demand on SUNBELT via certified mail on May 5, 2015, once again requesting that SUNBELT perform its obligation to repair the Leased Premises and make payment for the past due March 2015 rental payment. To date, no response has been received from SUNBELT, nor has SUNBELT made any attempt to fulfill its obligations under the Commercial Lease. SHAF-LAND further put SUNBELT on notice that it was attempting to sell the Property in an effort to mitigate its damages and to also put SUNBELT on notice that it intended to institute litigation to recover any diminution in value and to provide SUNBELT an opportunity to inspect the premises prior to any such sale. SUNBELT has at no time responded to this request or attempted to inspect the Leased Premises.

14.

As a result of SUNBELT's negligent, unreasonable and excessive operations and its failure to fulfill its obligations under the Commercial Lease, the Property remains severely damaged and is unsuitable for commercial purposes in its current state. Until the Leased Premises are restored and the appropriate remediation and repairs are conducted, SUNBELT cannot and has not fulfilled its obligation to surrender possession of the Leased Premises in accordance with Section 17 of the Commercial Lease or the Louisiana Code of Civil Procedure. Accordingly, Sunbelt should be deemed to be in continuing possession of the Leased Premises and be required to pay rentals on a month to month basis until those obligations are performed and/or to pay all damages that become due under the terms of the Commercial Lease and/or the Louisiana Code of Civil Procedure. SHAF-LAND asserts that the Commercial Lease stipulates that the reasonable monthly rental for the current term is $23,151 and that this amount is due to it on a monthly basis until SUNBELT fulfills its obligations under the Commercial Lease to repair and restore the leased premises.

15.

Pursuant to Section 4 of the Commercial Lease, all rental payments are considered delinquent if not received by the 10th of the month. Under Section 4 of the Commercial Lease SUNBELT agreed to pay to SHAF-LAND as a "late charge", an amount as additional rent equal to five percent (5%) of the amount past due. Accordingly, SUNBELT is obligated to pay SHAF-LAND an additional five percent (5%) on all rental amounts due and owing as of the date that

any and all such past due rental payments are made.

16.

Section 22 of the Commercial Lease requires the defaulting or breaching party to pay all reasonable attorney's fees, costs and expense occasioned by such default or breach in the event it becomes necessary for lessor or lessee to employ an attorney to enforce collection of the rents and other amounts agreed to be paid, or to enforce compliance with any of the covenants and agreements contained in the Commercial Lease. As SUNBELT failed to fulfill its obligations to pay rentals and repair the damage occasioned to the Leased Premises due to its unreasonable and excessive operations after amicable demand, SHAF-LAND is entitled to the recovery of all reasonable attorney's fees, costs and expenses incurred in connection with the enforcement of SUNBELT's obligations under the Commercial Lease.

17.

SHAF-LAND is also entitled to recovery from SUNBELT pursuant to La. C.C. art. 2315 and the provisions of the Civil Code contained in that section entitled *"Of Offenses and Quasi Offenses"* in connection with the damages caused by SUNBELT"s negligent operations and its failure to take reasonable steps to prevent what was avoidable damage to the Leased Premises. SUNBELT failed to implement standard maintenance and decomtamniation procedures and to utilize an adequate fume recovery and/or scrubbing system, all of which would have mitigated and/or prevented the damage occasioned to the Leased Premises. SUNBELT knew, or in the exercise of reasonable care, should have known that its failure to implement these basic maintenance procedures and to utilize the appropriate fume mitigation equipment would result in damage to the Leased Premises.

18.

SHAF-LAND is entitled to recover all damages caused by SUNBELT'S negligent acts and omissions and/or its breach of the obligations owed under the Commercial Lease, including, but not limited to the following:

a. the cost to conduct an environmental assessment of the Property;

b. the cost to conduct environmental remediation on the Property, if necessary;

c. the cost to repair all damage occasioned to the Leased Premises and/or the cost to replace all buildings and other improvements located on the Leased Premises that cannot be repaired due to extensive damage caused by SUNBELT's operations;

d. the cost to restore the Property to its pre-lease condition;

e. economic losses associated with the inability to re-lease the Property in its current condition;

f. economic losses associated with any diminution in value of the Property as a result of the damages occasioned by SUNBELT's operations;

g. damages for loss of use of land and lost profits and income;

h. monthly rentals in the amount of $23,151 commencing in March of 2015 and continuing until the Leased Premises are repaired and SUNBELT satisfies its obligation to return the Leased Premises in its pre-lease condition, minus ordinary wear and tear, plus a five percent (5%) late charge on all sums so due;

i. all reasonable attorney's fees, costs and expenses incurred in connection with the collection of rentals due and owing and enforcement of the obligations and covenants contained in the Commercial Lease;

j. for all other just and equitable relief;

k. for all damages as are reasonable in the premises;

l. for any other damages to be shown and proven at trial.

17.

Upon information and belief, AIG Specialty Insurance Company has issued a policy of insurance that covers all or part of the damages claimed herein relating to SUNBELT's negligent operations on the Leased Premises. SHAF-LAND requests any and all recovery due under the terms of any and all policies issued by AIG that provide coverage for the claims made herein.

**JURY DEMAND**

18.

SHAF-LAND requests a trial by jury and shows that the value of the claims made herein exceed the jury threshold.

**PRAYER**

17.

WHEREFORE, Petitioner, SHAF-LAND, L.L.C., prays that Defendants, SUNBELT CHEMICALS CORP AND AIG SPECIALTY INSURANCE COMPANY, be served with a copy of this Petition, and after all due proceedings are had, there be judgment rendered herein in favor of SHAF-LAND, L.LC., and against SUNBELT CHEMICALS CORP AND AIG




SPECIALTY INSURANCE COMPANY, awarding SHAF-LAND, L.L.C., recovery of all sums and remedies prayed for herein, including but not limited to those sums and remedies listed in Paragraph 16, and any and all other remedies available to it under the law or equity, together with legal interest and the costs of these proceedings.

Respectfully submitted,

BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, A.P.L.L.C.

By ______________________
Phillip E. Foco (Bar No. 25670)
Patrick H. Hunt (Bar No. 34599)
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

**PLEASE SERVE THE FOLLOWING:**

**SUNBELT CHEMICALS CORP.**
through its agent for service of process,
UCS of Louisiana, Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA 70816

**AIG SPECIALTY INSURANCE COMPANY**
through its agent for service of process,
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La. 70809.

CERTIFIED
TRUE COPY

JUL 31 2015
Kathy Blanchard
DEPUTY CLERK
WEST BATON ROUGE PARISH

**EIGHTEENTH JUDICIAL DISTRICT COURT**

**OF THE**

**STATE OF LOUISIANA**

**PARISH OF WEST BATON ROUGE**

| | | |
|---|---|---|
| **SHAF-LAND, L.L.C.** | : | **DOCKET NO.** ______________ |
| | : | |
| **v.** | : | **DIVISION:** ________________ |
| | : | |
| **SUNBELT CHEMICALS CORP.** | : | **JUDGE:** __________________ |

**VERIFICATION**

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, Notary Public, personally came and appeared:

Richard D. Shaffett, on behalf of SHAF-LAND, L.L.C.

a resident of the full age of majority of East Baton Rouge Parish, Louisiana, who upon being duly sworn did depose and state that he has read the above and foregoing Petition and that all facts and allegations contained therein are true and correct to the best of his knowledge, information and belief.

Richard D. Shaffett

SWORN TO AND SUBSCRIBED before me, Notary Public, this 27 day of July, 2015.

______________________

PATRICK H. HUNT
Notary Public
Bar Roll No. 34599
State of Louisiana

*CITATION*

| | | |
|---|---|---|
| ***SHAF-LAND, LLC***<br><br>***Versus***<br><br>***SUNBELT CHEMICALS CORP., ET AL*** |  | ***Case: 00001042334***<br>***Division: B***<br>***18th Judicial District Court***<br>***Parish of West Baton Rouge***<br>***State of Louisiana*** |

*SERVE: SUNBELT CHEMICALS CORP.*
*THRU AGENT UCS OF LOUISIANA, INC*
*3867 PLAZA TOWER DR. 1ST FLOOR*
*BATON ROUGE, LA 70816*

*YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMANDS CONTAINED IN THE PETITION FOR DAMAGES AND BREACH OF CONTRACT FILED BY PLAINTIFF IN THE ABOVE ENTITLED AND NUMBERED CAUSE, A COPY OF WHICH ACCOMPANIES THIS CITATION, OR TO FILE YOUR ANSWER OR OTHER PLEADINGS IN THE OFFICE OF THE CLERK OF COURT OF THE 18TH JUDICIAL DISTRICT COURT, FOR THE SAID PARISH, IN THE CITY OF PORT ALLEN, LOUISIANA, WITHIN FIFTEEN (15) DAYS AFTER SERVICE HEREOF. YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF A DEFAULT JUDGMENT AGAINST YOU.*

*WITNESS, THE HONORABLE JUDGE OF OUR SAID COURT, AT PORT ALLEN, LOUISIANA, on July 31, 2015.*

Kathy Blanchard

*Deputy Clerk of Court*
*Hon. Mark J. Graffeo, Clerk of Court*
*18th JDC/West Baton Rouge*
*PO Box 107*
*Port Allen, LA 70767*

*Attorney:*
*PHILIP FOCO*

***NOTICE FOR PERSONS IN NEED OF ACCOMODATIONS OR LANGUAGE ASSISTANCE***

*If you are a person with a disability who requires reasonable accommodation or an individual with limited proficiency in the English Language who needs foreign language assistance in order to participate in this proceeding, you may be entitled to certain assistance at no cost to you. Please contact the West Baton Rouge Parish Clerk of Court, 850 Eighth Street, Port Allen, Louisiana 70767, telephone number 225-383-0378, within two working days of receipt of this notice. If you are hearing and/or voice impaired, you may call the Louisiana Relay Center at 1-800-846-5277 (TDD only) or 1-800-947-5277 (voice).*

[ ORIGINAL ]

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NO. 1042334 DIVISION: "B"

SHAF-LAND, L.L.C.

VERSUS

SUNBELT CHEMICALS CORP.

FILED: ____________________ ____________________
DEPUTY CLERK

MOTION FOR EXTENSION OF TIME TO RESPOND

**NOW INTO COURT**, through undersigned counsel, comes defendant, Sunbelt Chemicals Corp. ("Sunbelt"), who moves for a thirty day extension of time, until September 19, 2015, within which to respond to the Petition for Damages and Breach of Contract filed by Shaf-Land, L.L.C. ("Shaf-Land") in this matter.

As grounds for this motion, the Defendant shows that it recently received the Petition for Damages and Breach of Contract and needs additional time in which to investigate this matter and prepare its response to same. In further support of this motion, the Defendant shows this is its first such request for an extension of time, and that Shaf-Land has filed into the record for this matter no objection to this request for an extension of time.

**WHEREFORE**, Sunbelt Chemicals Corp. prays that its motion for a thirty (30) day extension of time, until September 19, 2015, within which to respond to the Petition for Damages and Breach of Contract filed against it by Shaf-Land, L.L.C. be granted.

Respectfully submitted:

Scott C. Barney (#21868)
Mary W. Dale (#35735)
CHAFFE McCALL, L.L.P.
103 Two United Plaza
8550 United Plaza Blvd.
Baton Rouge, LA 70809
Telephone: (225) 922-4300
Facsimile: (225) 922-4304

*ATTORNEYS FOR SUNBELT CHEMICALS CORP.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on counsel of record for all parties by sending same via facsimile and/or U.S. Mail, first class, postage prepaid, on this 19th day of August, 2015.

SCOTT C. BARNEY

WBR CLERK OF COURT Fax 2253833894 Sep 2 2015 03:47pm P001/001

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NO. 1042334 DIVISION: "B"

SHAF-LAND, L.L.C.

VERSUS

SUNBELT CHEMICALS CORP.

FILED: ______________________ ______________________
DEPUTY CLERK

ORDER

Considering the above and foregoing Motion for Extension of Time to Respond:

**IT IS ORDERED** that Sunbelt Chemicals Corp. be and it is hereby granted a thirty day extension of time, until September 19, 2015, within which to respond to the Petition for Damages and Breach of Contract filed against it by Shaf-Land, L.L.C.

Port Allen, Louisiana, this 26th day of August, 2015.

______________________
JUDGE

2015 SEP -1 AM 10:08

2518721-1