18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NO. 1042334                              DIVISION: "B"

SHAF-LAND, L.L.C.

VERSUS

SUNBELT CHEMICALS CORP.

FILED: _____          _____

                                         DEPUTY CLERK

STATE COURT PROCEEDINGS NOTICE OF REMOVAL

NOW COME defendants, Sunbelt Chemicals Corp. and AIG Specialty Insurance

Company, through undersigned counsel, and provide notice under 28 U.S.C. §§1441 and 1446

that on the 3rd day of September, 2015, they filed in the United States District Court for the

Middle District of Louisiana a Notice of Removal of the above action. A copy of the Notice of

Removal is attached hereto and has been served on all counsel of record.

In accordance with the terms of 28 U.S.C. §1446(d), the state court shall proceed no

further with the action bearing Suit Number 1042334 "B".

Respectfully submitted:

_____
Scott C. Barney (#21868)
Mary W. Dale (#35735)
CHAFFE McCALL, L.L.P.
103 Two United Plaza
8550 United Plaza Blvd.
Baton Rouge, LA 70809
Telephone: (225) 922-4300
Facsimile: (225) 922-4304
*ATTORNEYS FOR SUNBELT CHEMICALS
CORP.*

Respectfully submitted:

_____
Robert I. Siegel (#12063)
Alistair M. Ward (#24693)
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Phone: 504-561-0400
Fax: 504-561-1011
*ATTORNEYS FOR AIG SPECIALTY
INSURANCE COMPANY*

EXHIBIT
"C"

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3rd day of September, 2015 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAF-LAND, L.L.C. | * | |
| | * | C.A. NO. |
| Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| | * | |
| SUNBELT CHEMICALS CORP. | * | MAGISTRATE JUDGE: |
| AND AIG SPECIALTY INSURANCE | * | |
| COMPANY | * | |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * *

FILED: _____              _____
                                                    **DEPUTY CLERK**


### NOTICE OF REMOVAL

TO:   **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA**

&

Phillip E. Foco
Patrick H. Hunt
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
**ATTORNEYS FOR PLAINTIFFS**

Hon. Mark J. Graffeo, Clerk of Court
Louisiana 18th Judicial District Court
Parish of West Baton Rouge
P.O. Box 107
Port Allen, LA  70767

In accordance with 28 U.S.C. §§1332, 1441 and 1446, you are hereby notified that

defendants, Sunbelt Chemicals Corp. ("Sunbelt") and AIG Specialty Insurance Company

1

2529248-1

("ASIC") (Sunbelt and ASIC are hereinafter collectively referred to as the "Defendants"), appearing jointly herein solely for the purpose of filing this notice, and reserving all rights, defenses, objections and claims, hereby remove this action, which had been pending as Case No. 1042334 "B" in the Louisiana 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, and would show unto the Court the following:

**I.      Complaint**

This action was commenced by Shaf-Land, L.L.C. (the "Plaintiff") on or about July 30, 2015, when the Plaintiff filed its original Petition for Damages and Breach of Contract (the "Petition") in the Louisiana 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, which was docketed as Case No. 1042334 "B".

**II.     Basis for Jurisdiction**

The United States District Court for the Middle District of Louisiana had, at the time suit was filed, and now has, original subject matter jurisdiction over this civil action because there is complete diversity of citizenship among all properly joined parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §1332, as established herein.  Neither Sunbelt nor ASIC are citizens of the State of Louisiana, the state in which this action was brought.  Pursuant to 28 U.S.C. §§1441 and 1446, this action may be removed to this Court, as it is the District Court for the district and division within which the action is pending.

**A.      Citizenship of Plaintiff**

The Plaintiff in this matter, Shaf-Land, L.L.C., is, and was at the time of commencement of this action, a Louisiana limited liability company domiciled and residing in, and citizen of, the

2

State of Louisiana. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of each of its members. *See, Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077 (5th Cir. 2008). According to its filings with the Louisiana Secretary of State, Shaf-Land, L.L.C. has, and at the time of commencement of this matter had, one member, namely an individual by the name of Richard D. Shaffett. Richard D. Shaffett is, and was at the time of commencement of this action, domiciled and residing in, and a citizen of, the State of Louisiana. Thus, for diversity purposes, Shaf-Land, L.L.C. is, and was at the time of commencement of this matter, a citizen of the State of Louisiana.

**B.**   **Citizenship of Defendants**

Defendant, Sunbelt Chemicals Corp. is, and was at the time of commencement of this action, a South Carolina corporation with its principal place of business in the State of Florida. Thus, for diversity purposes, Sunbelt Chemicals Corp. is, and was at the time of commencement of this matter, a citizen of the States of South Carolina and Florida.

AIG Specialty Insurance Company is, and was at the time of commencement of this matter, an Illinois corporation with its principal place of business located in the State of New York. Thus, for diversity purposes, AIG Specialty Insurance Company is, and was at the time of commencement of this matter, a citizen of the States of Illinois and New York.

**C.**   **Complete Diversity Exists**

As the foregoing reveals, Defendants, Sunbelt and ASIC are, and were at the time of commencement of this matter, citizens of the States of South Carolina, Florida, Illinois and New York. Accordingly, inasmuch as the Plaintiff is, and was at the time of commencement of this matter, a citizen of the State of Louisiana, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332.

2529248-1

## V.     Amount in Controversy

It is clear from the face of the Petition that the amount in controversy, exclusive of interests and costs, exceeds $75,000.  In its Petition, the Plaintiff alleges, among other things, that:

a) On April 4, 2008, the Plaintiff, as lessor, entered a commercial lease (the "Lease") with Sunbelt, as lessee, whereby the Plaintiff leased to Sunbelt a 10.50 acre parcel of land, inclusive of three buildings, comprising a total of 75,700 rentable square feet, all located in West Baton Rouge Parish (*See, Exhibit "A"*, Petition, ¶¶3-4);

b) The primary term of the Lease was for 7 years, ending on April 3, 2015, and the monthly rental payments due during this term were in the amount of $23,151 each (*See, Exhibit "A"*, Petition, ¶¶4, 12, 14);

c) In January 2015, Sunbelt notified the Plaintiff that Sunbelt would not be renewing the Lease at the end of the primary term, and the Plaintiff then began efforts to find a new tenant (*See, Exhibit "A"*, Petition, ¶5);

d) During the process of trying to find a new tenant, the Plaintiff allegedly learned that Sunbelt had allegedly damaged one of the buildings on the leased premises so severely that the building will have to be completely destroyed and reconstructed, and that the Plaintiff allegedly will not be able to lease the property to a new tenant until after this demolition and reconstruction has been completed (*See, Exhibit "A"*, Petition, ¶5);

e) Additionally, during the lease term, Sunbelt also allegedly dumped certain chemicals onto the leased premises, which have resulted in environmental contamination which will require remediation (*See, Exhibit "A"*, Petition ¶6);

f) Pursuant to the Lease and applicable law, Sunbelt was and is allegedly required to

4

2529248-1

remedy and restore the leased premises to the condition which it was in at the commencement of the Lease, reasonable wear and tear excepted (*See, Exhibit "A", Petition*, ¶7-8);

g) Despite the Plaintiff's alleged demands, Sunbelt has allegedly failed to repair the claimed damages and restore the leased premises, so "Sunbelt should be deemed to be in continuing possession of the Leased Premises and be required to pay rentals on a month to month basis until those obligations are performed ... the Commercial Lease stipulates that the reasonable monthly rental for the current term is $23,151 and that this amount is due [the Plaintiff] on a monthly basis until Sunbelt fulfills its obligations under the Commercial Lease to repair and restore the leased premises" (*See, Exhibit "A", Petition*, ¶14); and

h) Additionally, Sunbelt failed to remit its final monthly rental payment due under the Lease, and this payment, in the amount of $23,151, is also due (*See, Exhibit "A", Petition*, ¶12).

The Plaintiff's Petition includes many other allegations of claimed losses and damages which are clearly in excess of $75,000, exclusive of interest and costs (*see, e.g., Exhibit "A", Petition*, ¶16 (seeking to recover the costs of demolishing and reconstructing a building on the leased premises, seeking to recover the costs of environmental audits and remediation, seeking to recover economic losses associated with claimed diminution of value of the leased premises, etc.)). Even disregarding these other claims, however, and focusing solely on the allegations that Sunbelt owes continuing monthly rental payments under the Lease, in the amount of $23,151 each, commencing in March 2015 and continuing until the leased premises are restored, establishes that, at the time this suit was filed (on July 30, 2015) at least four such payments, in

5

the total amount of at least $92,604, were allegedly due and owing. Thus, even disregarding the other claims of the Plaintiff's Petition, and the post-suit-filing rentals allegedly accruing under the Lease, the Plaintiff's pre-suit filing rentals claim, alone, is in an amount, exclusive of interests and costs, in excess of $75,000.

The Defendants dispute the Plaintiff's claims and deny any and all liability unto the Plaintiff. As such, the Plaintiff's allegations/claims, compared with the Defendants' denials of liability, reveal that this case presents, and presented at the time of commencement of this matter, an amount in controversy in excess of $75,000, exclusive of interest and costs.

## VI.    Removal is Timely

Sunbelt was served with citation and a copy of the Petition in this matter on August 4, 2015. **See Exhibit "A"** (Copy of Citation and Petition served upon Sunbelt). ASIC was served with citation and a copy of the Petition in this matter on August 4, 2015. **See Exhibit "B"** (Copy of Citation and Petition served upon AIG). The August 4, 2015 service of citations and the Petition on Sunbelt and ASIC marked Sunbelt's and ASIC's respective receipt of the initial pleading setting forth the claim for relief upon which this action is based, and this Notice of Removal being timely filed within thirty (30) days after Sunbelt's and ASIC's respective receipt of that initial pleading. *See* 28 U.S.C. § 1446(b). Further, no persons or entities other than Sunbelt and ASIC have been named as defendants in this matter and, accordingly, this removal is timely and no other consents and/or joinders in this removal are required.

## VIII.   Pleadings & Process

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by Sunbelt are attached hereto as **Exhibit "A"**, and copies of all process, pleadings and orders received by ASIC are attached hereto as **Exhibit "B"** A copy of the notice to the state court and

2529248-1

the Plaintiff of this removal is attached as **Exhibit "C."**

## IX.  Filing Fee

The Defendants have paid the required filing fee of $400.00.

**WHEREFORE**, defendants, Sunbelt Chemicals Corp. and AIG Specialty Insurance Company pray that the above numbered and entitled cause on the docket of the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Middle District of Louisiana. Sunbelt and ASIC further pray for such other and further relief as may be just and equitable under the circumstances.

Respectfully submitted:

/s/ Scott C. Barney
Scott C. Barney (#21868)
Mary W. Dale (#35735)
CHAFFE McCALL, L.L.P.
103 Two United Plaza
8550 United Plaza Blvd.
Baton Rouge, LA 70809
Telephone: (225) 922-4300
Facsimile: (225) 922-4304
*ATTORNEYS FOR SUNBELT CHEMICALS CORP.*

Respectfully submitted:

/s/ Robert I. Siegel
Robert I. Siegel (#12063)
Alistair M. Ward (#24693)
Gieger, Laborde & Laperouse, LLC
One Shell Square
701 Poydras Street, Suite 4800

7

New Orleans, Louisiana 70139
Phone: 504-561-0400
Fax: 504-561-1011
rsiegel@glllaw.com
award@glllaw.com
*ATTORNEYS FOR AIG SPECIALTY*
*INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3rd day of September, 2015 electronically filed the foregoing Notice of Removal with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.  I further certify that I have, on this date, served a copy of this pleading on opposing counsel via U.S. mail, properly addressed and first class postage pre-paid.

*/s/ Scott C. Barney*

8

2529248-1

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Shaf-Land, L.L.C. | Sunbelt Chemicals Corp. |

| **(b)** County of Residence of First Listed Plaintiff  East Baton Rouge Parish | County of Residence of First Listed Defendant  Flagler |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Phillip E. Foco, Bienvenu, Bonnecaze, Foco, Viator & Holinga, 4210 Bluebonnet Blvd., Baton Rouge, LA 70809; Phone: (225) 388 5600 | Scott C. Barney, Chaffe McCall, L.L.P., 8550 United Plaza Blvd., Suite 103, Baton Rouge, LA 70809; (225) 922-4672 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332,1441 and 1446

Brief description of cause: Action for breach of lease and damage to property

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ Excess of $75,000 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions)*  JUDGE | DOCKET NUMBER |
|---|---|---|

DATE  9/3/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

EIGHTEENTH JUDICIAL DISTRICT COURT

OF THE

STATE OF LOUISIANA

PARISH OF WEST BATON ROUGE

| | |
|---|---|
| SHAF-LAND, L.L.C. | : DOCKET NO. 42334 |
| v. | : DIVISION: B |
| SUNBELT CHEMICALS CORP. | : JUDGE: _____ |
| | : |
| | : |
| | : |

PETITION FOR DAMAGES AND BREACH OF CONTRACT

NOW INTO COURT, through undersigned counsel, comes Petitioner, SHAF-LAND, L.L.C. ("SHAF-LAND"), a Louisiana limited liability company domiciled in East Baton Rouge Parish, which respectfully represents:

1.

Made defendant herein is the following:

A. SUNBELT CHEMICALS CORP. ("SUNBELT,") a South Carolina corporation authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, UCS of Louisiana, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

B. AIG SPECIALTY INSURANCE COMPANY, a foreign insurance company authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, La. 70809.

VENUE

2.

Venue is proper in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, under Louisiana Code of Civil Procedure article 80, as this is an action arising from the breach of a lease of immovable property that is located in West Baton Rouge Parish.

3.

SHAF-LAND is the owner of immovable property and improvements located at the municipal address of 1259 Safe Energy Drive, Port Allen, Louisiana 70767, lying and forming

**EXHIBIT**

**"A"**

1

26898

portions of Section 57, 58 and 59, T-7-S, R-12-E, and Section 50, T-6-S, R-12-E, Ward 4, West Baton Rouge Parish, Louisiana, and being a portion of the property known as the Poplar Grove Plantation (the "Property.") The Property in question consists of approximately 10.50 acres of land and three separate buildings totaling approximately 75,700 rentable square feet.

4.

On or about April 4, 2008, SHAF-LAND, as lessor, and SUNBELT, as lessee, executed a Commercial Lease, which is attached hereto as Exhibit "1," wherein SUNBELT agreed to lease the three buildings located on the Property, together with any parking spaces or areas serving the Property, any driveways, the land upon which they are located and all other buildings and improvements thereon, (collectively referred to herein as the "Leased Premises.") The primary term of the Commercial Lease was for a period of seven (7) years, commencing on April 4, 2008 and ending on April 3, 2015.

5.

In or around January of 2015 SUNBELT advised SHAF-LAND that it would not be renewing the Commercial Lease after its primary term concluded on April 3, 2015. SHAF-LAND then began the process of marketing the Leased Premises in an effort to identify a new lessee. During this process, SHAF-LAND was made aware that SUNBELT'S operations on the Leased Premises during the primary term of the lease caused serious damage to the Leased Premises, including but not limited to damage to the roof, walls and structural support system of at least one of the buildings which SUNBELT occupied and in which it conducted its operations during the primary term of the lease. The damage in question is so severe that SHAF-LAND has been advised that the building in question will require demolition and will have to be re-constructed in its entirety. Under the circumstances, SHAF-Land is unable to re-lease the premises until the damages caused by SUNBELT'S operations are repaired. Further, the damages caused by SUNBELT's operations have resulted in a significant decrease in the market value of the Property, which has resulted and will result in a significant loss to SHAF-LAND.

6.

Upon information and belief SUNBELT also dumped certain chemical constituents on the Leased Premises without a permit and improperly, which actions have resulted in environmental contamination to the Leased Premises that must be remediated.

2

26898

7.

Section 17 of the Commercial Lease obligates Sunbelt to "surrender possession of the Leased Premises immediately to Lessor in good order and condition clear of all personal property and broom cleaned and shall repair all damages to the premises, usual wear and tear, acts of God, terrorism, casualty, civil disorder and other conditions beyond the Lessee's reasonable control excepted."

8.

Louisiana Civil Code article 2683 obligates a lessee to "use the thing as a prudent administrator and in accordance with the purpose for which it was leased" and "to return the thing at the end of the lease in a condition that is the same as it was when the things was delivered to him, except for normal wear and tear..." Article 2686 provides that "if the lessee uses the thing... in a manner that may cause damage to the thing" the lessor is entitled to recover "any damages he may have sustained." Article 2687 further provides that the "lessee is liable for damage to the thing caused by his fault or that of a person who, with his consent, is on the premises or uses the thing." Finally, Article 2692 obligates the lessee to "repair damage to the thing caused by his fault or that of persons who, with his consent, are on the premises or use the thing, and to repair any deterioration resulting from his or their use to the extent it exceeds the normal or agreed use of the thing." The Louisiana Supreme Court has interpreted these articles to mean that a lessee has an obligation to restore the property to its pre-lease condition at the termination of the lease, minus wear and tear, and to correct any damage caused by the lessee's unreasonable and excessive operations. *Marin v. Exxon Mobil Corp.*, 48 So.3d 234 (La. 10/19/10).

9.

The damage occasioned to the Leased Premises by SUNBELT's operations far exceeds "normal wear and tear" and is necessarily the result of Sunbelt's unreasonable and excessive operations on the Leased Premises.

10.

SHAF-LAND asserts that SUNBELT engaged in the following unreasonable and excessive operations that caused damage to the Property beyond normal wear and tear:

3

26898

a.  failure to utilize the proper equipment, including an adequate fume recovery and scrubbing system, to mitigate chemical and acidic fumes emitted during its packaging operations;

b.  failure to take reasonable and necessary steps to decontaminate and/or remove acidic residue from the walls, roof and floor of the Leased Premises;

c.  failure to perform basic maintenance and cleaning in connection with their chemical packaging operations to prevent unreasonable and avoidable damage to the Leased Premises;

d.  failure to comply with accepted industry practices and procedures;

e.  failure to comply with applicable and relevant regulatory provisions;

f.  disposal of hazardous chemicals in violation of applicable regulations;

g.  conducting its operations in a negligent manner, which operations resulted in damage to the Leased Premises;

h.  other acts of negligence and unreasonable and excessive operations to be shown a trial.

11.

On February 13, 2015, amicable demand was made on SUNBELT to fulfill their obligation under the Commercial Lease to repair the damage to the Leased Premises that was caused by their excessive and unreasonable operations so that the Leased Premises could be placed back into commerce and re-leased. Additionally, e-mail correspondence was directed to SUNBELT's Executive Vice-President, Tim Capp, on March 3, 2015 forwarding a copy of the February 13, 2015 correspondence directed to SUNBELT. The February 13, 2015 correspondence was sent via certified mail to the address stipulated in the Commercial Lease for all notices relating to the Commercial Lease and was received by SUNBELT on March 20, 2015. However, at no time did SUNBELT contact SHAF-LAND regarding the repairs, nor did they make any attempt to fulfill their obligations under the Commercial Lease to return the Leased Premises to its pre-lease condition at the termination of the lease, minus wear and tear, and/or to correct any damage caused by the lessee's unreasonable and excessive operations.

12.

Additionally, SUNBELT further breached its obligations under the Commercial Lease by failing to make its final rental payment due and owing for the month of March 2015 in the

4

26898

amount of $23,151.

13.

SHAF-LAND again made amicable demand on SUNBELT via certified mail on May 5, 2015, once again requesting that SUNBELT perform its obligation to repair the Leased Premises and make payment for the past due March 2015 rental payment. To date, no response has been received from SUNBELT, nor has SUNBELT made any attempt to fulfill its obligations under the Commercial Lease. SHAF-LAND further put SUNBELT on notice that it was attempting to sell the Property in an effort to mitigate its damages and to also put SUNBELT on notice that it intended to institute litigation to recover any diminution in value and to provide SUNBELT an opportunity to inspect the premises prior to any such sale. SUNBELT has at no time responded to this request or attempted to inspect the Leased Premises.

14.

As a result of SUNBELT's negligent, unreasonable and excessive operations and its failure to fulfill its obligations under the Commercial Lease, the Property remains severely damaged and is unsuitable for commercial purposes in its current state. Until the Leased Premises are restored and the appropriate remediation and repairs are conducted, SUNBELT cannot and has not fulfilled its obligation to surrender possession of the Leased Premises in accordance with Section 17 of the Commercial Lease or the Louisiana Code of Civil Procedure. Accordingly, Sunbelt should be deemed to be in continuing possession of the Leased Premises and be required to pay rentals on a month to month basis until those obligations are performed and/or to pay all damages that become due under the terms of the Commercial Lease and/or the Louisiana Code of Civil Procedure. SHAF-LAND asserts that the Commercial Lease stipulates that the reasonable monthly rental for the current term is $23,151 and that this amount is due to it on a monthly basis until SUNBELT fulfills its obligations under the Commercial Lease to repair and restore the leased premises.

15.

Pursuant to Section 4 of the Commercial Lease, all rental payments are considered delinquent if not received by the 10th of the month. Under Section 4 of the Commercial Lease SUNBELT agreed to pay to SHAF-LAND as a "late charge", an amount as additional rent equal to five percent (5%) of the amount past due. Accordingly, SUNBELT is obligated to pay SHAF-LAND an additional five percent (5%) on all rental amounts due and owing as of the date that

5

26898

any and all such past due rental payments are made.

16.

Section 22 of the Commercial Lease requires the defaulting or breaching party to pay all reasonable attorney's fees, costs and expense occasioned by such default or breach in the event it becomes necessary for lessor or lessee to employ an attorney to enforce collection of the rents and other amounts agreed to be paid, or to enforce compliance with any of the covenants and agreements contained in the Commercial Lease. As SUNBELT failed to fulfill its obligations to pay rentals and repair the damage occasioned to the Leased Premises due to its unreasonable and excessive operations after amicable demand, SHAF-LAND is entitled to the recovery of all reasonable attorney's fees, costs and expenses incurred in connection with the enforcement of SUNBELT's obligations under the Commercial Lease.

17.

SHAF-LAND is also entitled to recovery from SUNBELT pursuant to La. C.C. art. 2315 and the provisions of the Civil Code contained in that section entitled *"Of Offenses and Quasi Offenses"* in connection with the damages caused by SUNBELT"s negligent operations and its failure to take reasonable steps to prevent what was avoidable damage to the Leased Premises. SUNBELT failed to implement standard maintenance and decontamniation procedures and to utilize an adequate fume recovery and/or scrubbing system, all of which would have mitigated and/or prevented the damage occasioned to the Leased Premises. SUNBELT knew, or in the exercise of reasonable care, should have known that its failure to implement these basic maintenance procedures and to utilize the appropriate fume mitigation equipment would result in damage to the Leased Premises.

18.

SHAF-LAND is entitled to recover all damages caused by SUNBELT'S negligent acts and omissions and/or its breach of the obligations owed under the Commercial Lease, including, but not limited to the following:

    a.  the cost to conduct an environmental assessment of the Property;

    b.  the cost to conduct environmental remediation on the Property, if necessary;

    c.  the cost to repair all damage occasioned to the Leased Premises and/or the cost to replace all buildings and other improvements located on the Leased Premises that cannot be repaired due to extensive damage caused by SUNBELT's operations;

6

26898

d.  the cost to restore the Property to its pre-lease condition;

e.  economic losses associated with the inability to re-lease the Property in its current condition;

f.  economic losses associated with any diminution in value of the Property as a result of the damages occasioned by SUNBELT's operations;

g.  damages for loss of use of land and lost profits and income;

h.  monthly rentals in the amount of $23,151 commencing in March of 2015 and continuing until the Leased Premises are repaired and SUNBELT satisfies its obligation to return the Leased Premises in its pre-lease condition, minus ordinary wear and tear, plus a five percent (5%) late charge on all sums so due;

i.  all reasonable attorney's fees, costs and expenses incurred in connection with the collection of rentals due and owing and enforcement of the obligations and covenants contained in the Commercial Lease;

j.  for all other just and equitable relief;

k.  for all damages as are reasonable in the premises;

l.  for any other damages to be shown and proven at trial.

17.

Upon information and belief, AIG Specialty Insurance Company has issued a policy of insurance that covers all or part of the damages claimed herein relating to SUNBELT's negligent operations on the Leased Premises. SHAF-LAND requests any and all recovery due under the terms of any and all policies issued by AIG that provide coverage for the claims made herein.

**JURY DEMAND**

18.

SHAF-LAND requests a trial by jury and shows that the value of the claims made herein exceed the jury threshold.

**PRAYER**

17.

WHEREFORE, Petitioner, SHAF-LAND, L.L.C., prays that Defendants, SUNBELT CHEMICALS CORP AND AIG SPECIALTY INSURANCE COMPANY, be served with a copy of this Petition, and after all due proceedings are had, there be judgment rendered herein in favor of SHAF-LAND, L.L.C., and against SUNBELT CHEMICALS CORP AND AIG

7

26898

SPECIALTY INSURANCE COMPANY, awarding SHAF-LAND, L.L.C., recovery of all sums and remedies prayed for herein, including but not limited to those sums and remedies listed in Paragraph 16, and any and all other remedies available to it under the law or equity, together with legal interest and the costs of these proceedings.

Respectfully submitted,

BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, A.P.L.L.C.

By _____

Phillip E. Foco (Bar No. 25670)
Patrick H. Hunt (Bar No. 34599)
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

**PLEASE SERVE THE FOLLOWING:**

**SUNBELT CHEMICALS CORP.**
through its agent for service of process,
UCS of Louisiana, Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA 70816

**AIG SPECIALTY INSURANCE COMPANY**
through its agent for service of process,
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La. 70809.

CERTIFIED
TRUE COPY

JUL 3 1 2015

Kathy Blanchard
DEPUTY CLERK
WEST BATON ROUGE PARISH

8

26898

EIGHTEENTH JUDICIAL DISTRICT COURT

OF THE

STATE OF LOUISIANA

PARISH OF WEST BATON ROUGE

SHAF-LAND, L.L.C.                      :  DOCKET NO. _____
                                       :
v.                                     :  DIVISION: _____
                                       :
SUNBELT CHEMICALS CORP.                :  JUDGE: _____

### VERIFICATION

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, Notary Public, personally came and appeared:

Richard D. Shaffett, on behalf of SHAF-LAND, L.L.C.

a resident of the full age of majority of East Baton Rouge Parish, Louisiana, who upon being duly

sworn did depose and state that he has read the above and foregoing Petition and that all facts and

allegations contained therein are true and correct to the best of his knowledge, information and

belief.

_____
Richard D. Shaffett

SWORN TO AND SUBSCRIBED before me, Notary Public, this _27_ day         of

_July_____, 2015.

_____



PATRICK H. HUNT
Notary Public
Bar Roll No. 34999
State of Louisiana

CITATION 

SHAF-LAND, LLC

Versus

SUNBELT CHEMICALS CORP., ET AL



Case: 00001042334
Division: B
18th Judicial District Court
Parish of West Baton Rouge
State of Louisiana

SERVE:  SUNBELT CHEMICALS CORP.
        THRU AGENT  UCS OF LOUISIANA, INC
        3867 PLAZA TOWER DR.  1ST FLOOR
        BATON ROUGE, LA  70816

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMANDS CONTAINED IN THE PETITION

FOR DAMAGES AND BREACH OF CONTRACT FILED BY PLAINTIFF IN THE ABOVE ENTITLED AND

NUMBERED CAUSE, A COPY OF WHICH ACCOMPANIES THIS CITATION, OR TO FILE YOUR ANSWER

OR OTHER PLEADINGS IN THE OFFICE OF THE CLERK OF COURT OF THE 18TH JUDICIAL

DISTRICT COURT, FOR THE SAID PARISH, IN THE CITY OF PORT ALLEN, LOUISIANA, WITHIN

FIFTEEN (15) DAYS AFTER SERVICE HEREOF. YOUR FAILURE TO COMPLY HEREWITH WILL

SUBJECT YOU TO THE PENALTY OF A DEFAULT JUDGMENT AGAINST YOU.


WITNESS, THE HONORABLE JUDGE OF OUR SAID COURT, AT PORT ALLEN, LOUISIANA, on July 31,

2015.


Kathy Blanchard

Deputy Clerk of Court
Hon. Mark J. Graffeo, Clerk of Court
18th JDC/West Baton Rouge
PO Box 107
Port Allen, LA 70767

Attorney:
PHILIP FOCO


**NOTICE FOR PERSONS IN NEED OF ACCOMODATIONS OR LANGUAGE ASSISTANCE**
If you are a person with a disability who requires reasonable accommodation or an individual with limited proficiency in the English
Language who needs foreign language assistance in order to participate in this proceeding, you may be entitled to certain assistance
at no cost to you.  Please contact the West Baton Rouge Parish Clerk of Court, 850 Eighth Street, Port Allen, Louisiana 70767,
telephone number 225-383-0378, within two working days of receipt of this notice.  If you are hearing and/or voice impaired, you
may call the Louisiana Relay Center at 1-800-846-5277 (TDD only) or 1-800-947-5277 (voice).


[  ORIGINAL  ]

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NO. 1042334                         DIVISION: "B"

SHAF-LAND, L.L.C.

VERSUS

SUNBELT CHEMICALS CORP.

FILED: _____
                                        DEPUTY CLERK

MOTION FOR EXTENSION OF TIME TO RESPOND

NOW INTO COURT, through undersigned counsel, comes defendant, Sunbelt Chemicals Corp. ("Sunbelt"), who moves for a thirty day extension of time, until September 19, 2015, within which to respond to the Petition for Damages and Breach of Contract filed by Shaf-Land, L.L.C. ("Shaf-Land") in this matter.

As grounds for this motion, the Defendant shows that it recently received the Petition for Damages and Breach of Contract and needs additional time in which to investigate this matter and prepare its response to same. In further support of this motion, the Defendant shows this is its first such request for an extension of time, and that Shaf-Land has filed into the record for this matter no objection to this request for an extension of time.

WHEREFORE, Sunbelt Chemicals Corp. prays that its motion for a thirty (30) day extension of time, until September 19, 2015, within which to respond to the Petition for Damages and Breach of Contract filed against it by Shaf-Land, L.L.C. be granted.

Respectfully submitted:

Scott C. Barney (#21868)
Mary W. Dale (#35735)
CHAFFE McCALL, L.L.P.
103 Two United Plaza
8550 United Plaza Blvd.
Baton Rouge, LA  70809
Telephone:  (225) 922-4300
Facsimile:   (225) 922-4304

*ATTORNEYS FOR SUNBELT CHEMICALS CORP.*

2518721-1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on counsel of record for all parties by sending same via facsimile and/or U.S. Mail, first class, postage prepaid, on this 19th day of August, 2015.

SCOTT C. BARNEY

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NO. 1042334                    DIVISION: "B"

SHAF-LAND, L.L.C.

VERSUS

SUNBELT CHEMICALS CORP.

FILED: _____        _____
                                        DEPUTY CLERK

ORDER

Considering the above and foregoing Motion for Extension of Time to Respond:

IT IS ORDERED that Sunbelt Chemicals Corp. be and it is hereby granted a thirty day extension of time, until September 19, 2015, within which to respond to the Petition for Damages and Breach of Contract filed against it by Shaf-Land, L.L.C.

Port Allen, Louisiana, this _26th_ day of August, 2015.

_____
JUDGE

2518721-1

# State of Louisiana
# Secretary of State

08/05/2015

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

AIG SPECIALTY INSURANCE COMPANY
C/O ANDREW R. HOLLAND
175 WATER STREET, 18TH FLOOR
NEW YORK, NY 10038

**RECEIVED**

AUG 1 2 2015

AIG Commercial Insurance
Law Department

Suit No.: 42334
18TH JUDICIAL DISTRICT COURT
WEST BATON ROUGE PARISH

SHAF-LAND, L.L.C.
vs
SUNBELT CHEMICALS CORP.

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding. Please call the attorney that filed this document if you have any questions regarding this proceeding. If you received this document in error, please return it to the above address with a letter of explanation.

Yours very truly,

TOM SCHEDLER
Secretary of State

Served on: TOM SCHEDLER
Served by: E CUMMINS

Date: 08/04/2015
Title: DEPUTY SHERIFF

**EXHIBIT**
"B"

No: 975978

SR

AIG Property Casualty
Claims Legal

AUG 1 3 2015

**RECEIVED**

*CITATION*

SHAF-LAND, LLC

Versus

SUNBELT CHEMICALS CORP., ET AL



Case: 00001042334
Division: B
18th Judicial District Court
Parish of West Baton Rouge
State of Louisiana

SERVE: AIG SPECIALTY INSURANCE COMPANY
        THRU SECRETARY OF STATE
        8585 ARCHIVES AVE
        BATON ROUGE, LA 70809

SERVED ON
TOM SCHEDLER

AUG 04 2015

SECRETARY OF STATE
COMMERCIAL DIVISION

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMANDS CONTAINED IN THE PETITION

FOR DAMAGES AND BREACH OF CONTRACT FILED BY PLAINTIFF IN THE ABOVE ENTITLED AND

NUMBERED CAUSE, A COPY OF WHICH ACCOMPANIES THIS CITATION, OR TO FILE YOUR ANSWER

OR OTHER PLEADINGS IN THE OFFICE OF THE CLERK OF COURT OF THE 18TH JUDICIAL

DISTRICT COURT, FOR THE SAID PARISH, IN THE CITY OF PORT ALLEN, LOUISIANA, WITHIN

FIFTEEN (15) DAYS AFTER SERVICE HEREOF. YOUR FAILURE TO COMPLY HEREWITH WILL

SUBJECT YOU TO THE PENALTY OF A DEFAULT JUDGMENT AGAINST YOU.

WITNESS, THE HONORABLE JUDGE OF OUR SAID COURT, AT PORT ALLEN, LOUISIANA, on July 31,
2015.

*Kathy Blanchard*

Deputy Clerk of Court
Hon. Mark J. Graffeo, Clerk of Court
18th JDC/West Baton Rouge
PO Box 107
Port Allen, LA 70767

Attorney:
PHILIP FOCO

**NOTICE FOR PERSONS IN NEED OF ACCOMODATIONS OR LANGUAGE ASSISTANCE**

*If you are a person with a disability who requires reasonable accommodation or an individual with limited proficiency in the English
Language who needs foreign language assistance in order to participate in this proceeding, you may be entitled to certain assistance
at no cost to you. Please contact the West Baton Rouge Parish Clerk of Court, 850 Eighth Street, Port Allen, Louisiana 70767,
telephone number 225-383-0378, within two working days of receipt of this notice. If you are hearing and/or voice impaired, you
may call the Louisiana Relay Center at 1-800-846-5277 (TDD only) or 1-800-947-5277 (voice).*

[ ORIGINAL ]

EIGHTEENTH JUDICIAL DISTRICT COURT

OF THE

STATE OF LOUISIANA

PARISH OF WEST BATON ROUGE

| | |
|---|---|
| SHAF-LAND, L.L.C. | : DOCKET NO. 42334 |
| v. | : DIVISION: B |
| SUNBELT CHEMICALS CORP. | : JUDGE: _____ |
| | : |
| | : |

## PETITION FOR DAMAGES AND BREACH OF CONTRACT

NOW INTO COURT, through undersigned counsel, comes Petitioner, SHAF-LAND, L.L.C. ("SHAF-LAND"), a Louisiana limited liability company domiciled in East Baton Rouge Parish, which respectfully represents:

1.

Made defendant herein is the following:

A. **SUNBELT CHEMICALS CORP. ("SUNBELT,")** a South Carolina corporation authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, UCS of Louisiana, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

B. **AIG SPECIALTY INSURANCE COMPANY,** a foreign insurance company authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, La. 70809.

## VENUE

2.

Venue is proper in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, under Louisiana Code of Civil Procedure article 80, as this is an action arising from the breach of a lease of immovable property that is located in West Baton Rouge Parish.

3.

SHAF-LAND is the owner of immovable property and improvements located at the municipal address of 1259 Safe Energy Drive, Port Allen, Louisiana 70767, lying and forming

1

26898

portions of Section 57, 58 and 59, T-7-S, R-12-E, and Section 50, T-6-S, R-12-E, Ward 4, West Baton Rouge Parish, Louisiana, and being a portion of the property known as the Poplar Grove Plantation (the "Property.")  The Property in question consists of approximately 10.50 acres of land and three separate buildings totaling approximately 75,700 rentable square feet.

4.

On or about April 4, 2008, SHAF-LAND, as lessor, and SUNBELT, as lessee, executed a Commercial Lease, which is attached hereto as Exhibit "1," wherein SUNBELT agreed to lease the three buildings located on the Property, together with any parking spaces or areas serving the Property, any driveways, the land upon which they are located and all other buildings and improvements thereon, (collectively referred to herein as the "Leased Premises.")  The primary term of the Commercial Lease was for a period of seven (7) years, commencing on April 4, 2008 and ending on April 3, 2015.

5.

In or around January of 2015 SUNBELT advised SHAF-LAND that it would not be renewing the Commercial Lease after its primary term concluded on April 3, 2015.  SHAF-LAND then began the process of marketing the Leased Premises in an effort to identify a new lessee.  During this process, SHAF-LAND was made aware that SUNBELT'S operations on the Leased Premises during the primary term of the lease caused serious damage to the Leased Premises, including but not limited to damage to the roof, walls and structural support system of at least one of the buildings which SUNBELT occupied and in which it conducted its operations during the primary term of the lease.  The damage in question is so severe that SHAF-LAND has been advised that the building in question will require demolition and will have to be re-constructed in its entirety.   Under the circumstances, SHAF-Land is unable to re-lease the premises until the damages caused by SUNBELT'S operations are repaired.   Further, the damages caused by SUNBELT's operations have resulted in a significant decrease in the market value of the Property, which has resulted and will result in a significant loss to SHAF-LAND.

6.

Upon information and belief SUNBELT also dumped certain chemical constituents on the Leased Premises without a permit and improperly, which actions have resulted in environmental contamination to the Leased Premises that must be remediated.

2

26898

7.

Section 17 of the Commercial Lease obligates Sunbelt to "surrender possession of the Leased Premises immediately to Lessor in good order and condition clear of all personal property and broom cleaned and shall repair all damages to the premises, usual wear and tear, acts of God, terrorism, casualty, civil disorder and other conditions beyond the Lessee's reasonable control excepted."

8.

Louisiana Civil Code article 2683 obligates a lessee to "use the thing as a prudent administrator and in accordance with the purpose for which it was leased" and "to return the thing at the end of the lease in a condition that is the same as it was when the things was delivered to him, except for normal wear and tear..." Article 2686 provides that "if the lessee uses the thing... in a manner that may cause damage to the thing" the lessor is entitled to recover "any damages he may have sustained." Article 2687 further provides that the "lessee is liable for damage to the thing caused by his fault or that of a person who, with his consent, is on the premises or uses the thing." Finally, Article 2692 obligates the lessee to "repair damage to the thing caused by his fault or that of persons who, with his consent, are on the premises or use the thing, and to repair any deterioration resulting from his or their use to the extent it exceeds the normal or agreed use of the thing." The Louisiana Supreme Court has interpreted these articles to mean that a lessee has an obligation to restore the property to its pre-lease condition at the termination of the lease, minus wear and tear, and to correct any damage caused by the lessee's unreasonable and excessive operations. *Marin v. Exxon Mobil Corp.*, 48 So.3d 234 (La. 10/19/10).

9.

The damage occasioned to the Leased Premises by SUNBELT's operations far exceeds "normal wear and tear" and is necessarily the result of Sunbelt's unreasonable and excessive operations on the Leased Premises.

10.

SHAF-LAND asserts that SUNBELT engaged in the following unreasonable and excessive operations that caused damage to the Property beyond normal wear and tear:

3

26898

a.   failure to utilize the proper equipment, including an adequate fume recovery and scrubbing system, to mitigate chemical and acidic fumes emitted during its packaging operations;

b.   failure to take reasonable and necessary steps to decontaminate and/or remove acidic residue from the walls, roof and floor of the Leased Premises;

c.   failure to perform basic maintenance and cleaning in connection with their chemical packaging operations to prevent unreasonable and avoidable damage to the Leased Premises;

d.   failure to comply with accepted industry practices and procedures;

e.   failure to comply with applicable and relevant regulatory provisions;

f.   disposal of hazardous chemicals in violation of applicable regulations;

g.   conducting its operations in a negligent manner, which operations resulted in damage to the Leased Premises;

h.   other acts of negligence and unreasonable and excessive operations to be shown a trial.

11.

On February 13, 2015, amicable demand was made on SUNBELT to fulfill their obligation under the Commercial Lease to repair the damage to the Leased Premises that was caused by their excessive and unreasonable operations so that the Leased Premises could be placed back into commerce and re-leased. Additionally, e-mail correspondence was directed to SUNBELT's Executive Vice-President, Tim Capp, on March 3, 2015 forwarding a copy of the February 13, 2015 correspondence directed to SUNBELT. The February 13, 2015 correspondence was sent via certified mail to the address stipulated in the Commercial Lease for all notices relating to the Commercial Lease and was received by SUNBELT on March 20, 2015. However, at no time did SUNBELT contact SHAF-LAND regarding the repairs, nor did they make any attempt to fulfill their obligations under the Commercial Lease to return the Leased Premises to its pre-lease condition at the termination of the lease, minus wear and tear, and/or to correct any damage caused by the lessee's unreasonable and excessive operations.

12.

Additionally, SUNBELT further breached its obligations under the Commercial Lease by failing to make its final rental payment due and owing for the month of March 2015 in the

4

26898

amount of $23,151.

13.

SHAF-LAND again made amicable demand on SUNBELT via certified mail on May 5, 2015, once again requesting that SUNBELT perform its obligation to repair the Leased Premises and make payment for the past due March 2015 rental payment.  To date, no response has been received from SUNBELT, nor has SUNBELT made any attempt to fulfill its obligations under the Commercial Lease.  SHAF-LAND further put SUNBELT on notice that it was attempting to sell the Property in an effort to mitigate its damages and to also put SUNBELT on notice that it intended to institute litigation to recover any diminution in value and to provide SUNBELT an opportunity to inspect the premises prior to any such sale.  SUNBELT has at no time responded to this request or attempted to inspect the Leased Premises.

14.

As a result of SUNBELT's negligent, unreasonable and excessive operations and its failure to fulfill its obligations under the Commercial Lease, the Property remains severely damaged and is unsuitable for commercial purposes in its current state.  Until the Leased Premises are restored and the appropriate remediation and repairs are conducted, SUNBELT cannot and has not fulfilled its obligation to surrender possession of the Leased Premises in accordance with Section 17 of the Commercial Lease or the Louisiana Code of Civil Procedure. Accordingly, Sunbelt should be deemed to be in continuing possession of the Leased Premises and be required to pay rentals on a month to month basis until those obligations are performed and/or to pay all damages that become due under the terms of the Commercial Lease and/or the Louisiana Code of Civil Procedure.  SHAF-LAND asserts that the Commercial Lease stipulates that the reasonable monthly rental for the current term is $23,151 and that this amount is due to it on a monthly basis until SUNBELT fulfills its obligations under the Commercial Lease to repair and restore the leased premises.

15.

Pursuant to Section 4 of the Commercial Lease, all rental payments are considered delinquent if not received by the 10th of the month.  Under Section 4 of the Commercial Lease SUNBELT agreed to pay to SHAF-LAND as a "late charge", an amount as additional rent equal to five percent (5%) of the amount past due.  Accordingly, SUNBELT is obligated to pay SHAF-LAND an additional five percent (5%) on all rental amounts due and owing as of the date that

5

26898

any and all such past due rental payments are made.

16.

Section 22 of the Commercial Lease requires the defaulting or breaching party to pay all reasonable attorney's fees, costs and expense occasioned by such default or breach in the event it becomes necessary for lessor or lessee to employ an attorney to enforce collection of the rents and other amounts agreed to be paid, or to enforce compliance with any of the covenants and agreements contained in the Commercial Lease. As SUNBELT failed to fulfill its obligations to pay rentals and repair the damage occasioned to the Leased Premises due to its unreasonable and excessive operations after amicable demand, SHAF-LAND is entitled to the recovery of all reasonable attorney's fees, costs and expenses incurred in connection with the enforcement of SUNBELT's obligations under the Commercial Lease.

17.

SHAF-LAND is also entitled to recovery from SUNBELT pursuant to La. C.C. art. 2315 and the provisions of the Civil Code contained in that section entitled *"Of Offenses and Quasi Offenses"* in connection with the damages caused by SUNBELT's negligent operations and its failure to take reasonable steps to prevent what was avoidable damage to the Leased Premises. SUNBELT failed to implement standard maintenance and decomtamniation procedures and to utilize an adequate fume recovery and/or scrubbing system, all of which would have mitigated and/or prevented the damage occasioned to the Leased Premises. SUNBELT knew, or in the exercise of reasonable care, should have known that its failure to implement these basic maintenance procedures and to utilize the appropriate fume mitigation equipment would result in damage to the Leased Premises.

18.

SHAF-LAND is entitled to recover all damages caused by SUNBELT'S negligent acts and omissions and/or its breach of the obligations owed under the Commercial Lease, including, but not limited to the following:

    a.  the cost to conduct an environmental assessment of the Property;

    b.  the cost to conduct environmental remediation on the Property, if necessary;

    c.  the cost to repair all damage occasioned to the Leased Premises and/or the cost to replace all buildings and other improvements located on the Leased Premises that cannot be repaired due to extensive damage caused by SUNBELT's operations;

6

26898

d.  the cost to restore the Property to its pre-lease condition;

e.  economic losses associated with the inability to re-lease the Property in its current condition;

f.  economic losses associated with any diminution in value of the Property as a result of the damages occasioned by SUNBELT's operations;

g.  damages for loss of use of land and lost profits and income;

h.  monthly rentals in the amount of $23,151 commencing in March of 2015 and continuing until the Leased Premises are repaired and SUNBELT satisfies its obligation to return the Leased Premises in its pre-lease condition, minus ordinary wear and tear, plus a five percent (5%) late charge on all sums so due;

i.  all reasonable attorney's fees, costs and expenses incurred in connection with the collection of rentals due and owing and enforcement of the obligations and covenants contained in the Commercial Lease;

j.  for all other just and equitable relief;

k.  for all damages as are reasonable in the premises;

l.  for any other damages to be shown and proven at trial.

17.

Upon information and belief, AIG Specialty Insurance Company has issued a policy of insurance that covers all or part of the damages claimed herein relating to SUNBELT's negligent operations on the Leased Premises.  SHAF-LAND requests any and all recovery due under the terms of any and all policies issued by AIG that provide coverage for the claims made herein.

**JURY DEMAND**

18.

SHAF-LAND requests a trial by jury and shows that the value of the claims made herein exceed the jury threshold.

**PRAYER**

17.

WHEREFORE, Petitioner, SHAF-LAND, L.L.C., prays that Defendants, SUNBELT CHEMICALS CORP AND AIG SPECIALTY INSURANCE COMPANY, be served with a copy of this Petition, and after all due proceedings are had, there be judgment rendered herein in favor of SHAF-LAND, L.L.C., and against SUNBELT CHEMICALS CORP AND AIG

7

26898

SPECIALTY INSURANCE COMPANY, awarding SHAF-LAND, L.L.C., recovery of all sums and remedies prayed for herein, including but not limited to those sums and remedies listed in Paragraph 16, and any and all other remedies available to it under the law or equity, together with legal interest and the costs of these proceedings.

Respectfully submitted,

BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, A.P.L.L.C.

By _____
Phillip E. Foco (Bar No. 25670)
Patrick H. Hunt (Bar No. 34599)
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

**PLEASE SERVE THE FOLLOWING:**

**SUNBELT CHEMICALS CORP.**
through its agent for service of process,
UCS of Louisiana, Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA 70816

**AIG SPECIALTY INSURANCE COMPANY**
through its agent for service of process,
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La. 70809.

CERTIFIED
TRUE COPY

JUL 3 1 2015

Kathy Blanchard
DEPUTY CLERK
WEST BATON ROUGE PARISH

8

26898

EIGHTEENTH JUDICIAL DISTRICT COURT

OF THE

STATE OF LOUISIANA

PARISH OF WEST BATON ROUGE

SHAF-LAND, L.L.C.                    :   DOCKET NO. _____
                                     :
v.                                   :   DIVISION: _____
                                     :
SUNBELT CHEMICALS CORP.              :   JUDGE: _____

**VERIFICATION**

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

    BEFORE ME, Notary Public, personally came and appeared:

    Richard D. Shaffett, on behalf of SHAF-LAND, L.L.C.

a resident of the full age of majority of East Baton Rouge Parish, Louisiana, who upon being duly

sworn did depose and state that he has read the above and foregoing Petition and that all facts and

allegations contained therein are true and correct to the best of his knowledge, information and

belief.

_____
Richard D. Shaffett

    SWORN TO AND SUBSCRIBED before me, Notary Public, this 27 day of

July _____, 2015.

_____

PATRICK H. HUNT
Notary Public
Bar Roll No. 34599
State of Louisiana

**TOM SCHEDLER**
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125



CERTIFIED MAIL™



U.S POSTAGE ≫ PITNEY BOWES

ZIP 70802
02 1W     $ 004.37⁵
0001382559 AUG 05 2015

7013 2630 0002 0283 0810

AIG SPECIALTY INSURANCE COMPANY
C/O ANDREW R. HOLLAND
175 WATER STREET, 18TH FLOOR
NEW YORK, NY  10038

Cenon
Business Process Services
Screening Center
APPROVED

Suit No.: 42334

SS104 (R 11/10)

UPS CampusShip: Shipment Label                                    https://www.campusship.ups.com/cship/create?ActionOriginPair=defa...

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.

UPS Access Point™
THE UPS STORE
82 NASSAU ST
NEW YORK ,NY 10038

FOLD HERE



1 of 1                                                                    8/12/2015 11:39 AM