UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAF-LAND, L.L.C.** | * | **CIVIL ACTION NO. 15-CV-588** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **SUNBELT CHEMICALS CORP. and AIG SPECIALTY INSURANCE COMPANY** | * * * | **MAG. JUDGE ERIN WILDER-DOOMES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Harold J. Flanagan (#24091)
Sean P. Brady (#30410)
Andy J. Dupre (#32437)
Anders F. Holmgren (#34597)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 2405
New Orleans, Louisiana 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

Attorneys for Sunbelt Chemicals Corp.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................2

    A. Factual History ..................................................................................................2

    B. Procedural History .............................................................................................3

        1. Shaf-Land files suit ................................................................................3

        2. ASIC moves for summary judgment; the Court continues the motion based on the need for additional discovery ......................................3

        3. Sunbelt seeks discovery to ASIC's claims-handling history and its relationship with Wells Fargo ...........................................................4

            a. ASIC's claims-handling history, generally .......................................4

            b. ASIC's past interactions with Sunbelt ..............................................5

            c. ASIC's relationship with Wells Fargo ..............................................6

        4. ASIC provides insufficient responses ..........................................................6

III. LAW AND ARGUMENT ................................................................................................7

    A. The Court may compel litigants to provide full and complete responses to discovery requests ................................................................................7

    B. Discovery regarding how ASIC accepts notice (and whether notice to Wells Fargo is sufficient) is relevant to this litigation ..........................................8

    C. The Court should compel discovery related to ASIC's acceptance of notice of claims under other policies ................................................................9

    D. The Court should compel ASIC's response to discovery related to its relationship with Wells Fargo ....................................................................10

        E.       The Court should compel ASIC's response to discovery related to its claims history with Sunbelt ............................................................................. 11

IV.    Conclusion ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
  894 F.2d 1482 (5th Cir. 1990) .................................................................................. 10, 12

*KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.*,
  No. 09-497-JJB, 2011 WL 1337374 (M.D. La. Apr. 7, 2011) ......................................12

**Rules**

Fed. R. Civ. Proc. 26 ..........................................................................................................7

Fed. R. Civ. Proc. 33 ........................................................................................................10

Fed. R. Civ. Proc. 36 ...................................................................................................... 7-8

Fed. R. Civ. Proc. 37 ..........................................................................................................7

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Defendant, Sunbelt Chemicals Corporation, provides this memorandum in support of its motion to compel discovery responses from co-defendant AIG Specialty Insurance Company ("ASIC").

I. **INTRODUCTION**

Questioning its relevance, ASIC resists engaging in discovery on issues related to its claims-handling history and its relationship with a producer it works with. ASIC does so even though the Court recently recognized that the need for discovery on these very topics was sufficient reason to delay consideration of ASIC's summary-judgment motion. The Court should overrule ASIC's baseless objections and compel ASIC's full participation in discovery.

This a property-damage dispute relating to alleged damage to commercial property in West Baton Rouge. The owner of the property, Shaf-Land, L.L.C., sued its former lessee, Sunbelt, asserting that Sunbelt's business operations caused excessive damages to the property. Shaf-Land also sued Sunbelt's liability insurer, ASIC. ASIC recently sought summary judgment that its policies provided no coverage because (among other things) Sunbelt allegedly failed to provide proper notice. The Court dismissed the motion (without prejudice), however, pending additional discovery.

That very discovery is at issue in this motion. There is no question that it is relevant. Given that notice of Shaf-Land's alleged damages was unquestionably provided to the policy producer (Wells Fargo Insurance Services USA, Inc.) on a timely basis, Sunbelt seeks discovery regarding the relationship between ASIC and Wells Fargo, and the extent to which notice to Wells Fargo could constitute notice to ASIC. Sunbelt also seeks discovery regarding the different ways in which

ASIC has accepted notice of claims in the past. Sunbelt's targeted discovery requests go to the heart of its coverage claim. The Court's denial of ASIC's request for summary judgment in the absence of this discovery confirms the point. The documents, information, and admissions Sunbelt seeks are relevant to this dispute. And ASIC's other objections provide no basis for it to avoid fully responding to these relevant discovery requests. The Court should grant this motion.

## II.  BACKGROUND

### A.  Factual History

This case arises out of alleged damage to a commercial property in Port Allen owned by the plaintiff, Shaf-Land. Shaf-Land leased the property to Sunbelt from April 2008 to April 2015. Shaf-Land contends that it discovered, at the end of the lease, that Sunbelt's business operations in the leased buildings went beyond normal wear-and-tear, causing physical damage to property.

ASIC provided Sunbelt with liability insurance coverage during the lease period. The policies included ones spanning the policy periods May 1, 2014 to May 1, 2015 (the 2014-15 policy)[1] and May 1, 2015 to May 1, 2016 (the 2015-16 policy).[2] On each of these policies, Wells Fargo is designated as the "Producer."[3]

Shaf-Land sent letters to both Sunbelt and Wells Fargo regarding its alleged damages. Shaf-Land sent Sunbelt a letter on March 3, 2015.[4] On May 5, 2015, Shaf-Land's counsel sent a letter to

---

[1]  Rec. Doc. 17-8.

[2]  Rec. Doc. 17-7.

[3]  Rec. Doc. 17-8 at pp. 1, 5 (pages bates-labeled ASIC POL 0000001 & 0000005); Rec. Doc. 17-7 at pp. 3, 7 (bates-labeled ASIC POL 0000089 & 0000093).

[4]  Rec. Doc. 17-4, pp. 7-10.

2

Wells Fargo.[5] The letter informed Wells Fargo that Shaf-Land's property had allegedly been damaged by Sunbelt's activities, attached evidence to support those assertions, and demanded coverage under an insurance policy numbered 4068312 (the number assigned to the two ASIC policies at issue here).

### B.      Procedural History

#### 1.      Shaf-Land files suit.

Shaf-Land filed this lawsuit in June 2015. Shaf-Land sued both Sunbelt and its insurer, ASIC. Shaf-Land's petition demands "from ASIC any and all recovery due under the terms of any and all policies issued by [ASIC] that provide coverage for the claims made herein."[6]

#### 2.      ASIC moves for summary judgment; the Court continues the motion based on the need for additional discovery.

In May 2016, ASIC moved for summary judgment that its policy provided no coverage to Sunbelt for the claims in this litigation. It argued, among other things, that Shaf-Land's demand against Sunbelt was not timely reported to ASIC, as required by the policies' Coverage D (Pollution Legal Liability).[7] That coverage part provides coverage on a claims-made-and-reported basis, meaning that, for coverage to attach, a claim must be made against the insured and reported to ASIC during that policy period. ASIC argued that Sunbelt first received notice of Shaf-Land's claims during the 2014-15 policy, but did not report the claim to ASIC until after that policy expired and a new one (the 2015-16 policy) had taken its place.

---

[5]    Rec. Doc. 23-4.

[6]    Petition, Rec. Doc. 1-2, at ¶ 19 (misnumbered as ¶ 17).

[7]    Rec. Doc. 17-1 at pp. 10-13.

3

In response, Sunbelt moved to continue the hearing on ASIC's summary-judgment motion until further discovery could be completed. In particular, Sunbelt pointed out that Wells Fargo received notice within the extended reporting period of the 2014-15 policy.[8] Sunbelt also pointed out that it had served discovery (which it attached to its motion) seeking information and documents related to Wells Fargo's relationship with ASIC.[9] Sunbelt argued that it needed that discovery to determine to what extent notice to Wells Fargo of Shaf-Land's demand constituted notice to ASIC. Specifically, Sunbelt noted that it needed discovery concerning the relationship between Wells Fargo and ASIC, and whether ASIC has a history of accepting claims submitted to Wells Fargo and other brokers.

The Court granted Sunbelt's motion to continue. It ordered that ASIC's motion be dismissed from the Court's docket to allow the parties to conduct the additional discovery.[10]

### 3. Sunbelt seeks discovery related to ASIC's claims-handling history and its relationship with Wells Fargo.

#### a. ASIC's claims-handling history, generally.

Sunbelt asked ASIC to admit that it had previously accepted notice of claims on claims-made-and-reported policies even though not given by the insured in writing. Sunbelt requested admissions as to notice that was given (1) to ASIC by a producer, agent, or broker; (2) to ASIC by a party making a claim against the insured; (3) orally; (4) to Wells Fargo; or (5) to ASIC in a

---

[8] Rec. Doc. 23-1, p. 4.

[9] *E.g.*, Rec. Doc. 23-1, p. 6.

[10] Rec. Doc. 25. The Court recognized that ASIC would reserve the right to re-notice its motion following such discovery.

4

manner other than as specified in its policy.[11] Sunbelt also asked for additional information and documents related to any such admission by ASIC.[12]

### b. ASIC's past interactions with Sunbelt.

Sunbelt requested information related to ASIC's claims handling history with Sunbelt, specifically. Sunbelt asked ASIC to describe how Sunbelt had given notice of claims ASIC had covered in the past.[13] Sunbelt asked for communications between ASIC and Wells Fargo relating to Sunbelt.[14] Sunbelt asked for documents evidencing how Sunbelt had provided notice of prior claims.[15] Sunbelt also asked for ASIC's full underwriting file for both policies at issue.[16]

---

[11] Exhibit A, ASIC Discovery Responses, Requests for Admission 1-5. Sunbelt incorporates ASIC's entire discovery response into this memorandum, as if copied herein *in extenso*.

[12] *Id.*, Interrogatories 2-6; *id.*, Request for Production 5.

[13] *Id.*, Interrogatory 7 ("If Sunbelt has made a prior claim on Policy No. EG 4068312, please state how notice of the claim was provided, including, without limitation, the identity of the person to whom the claim was reported and the form of the notice.").

[14] *Id.*, Request for Production 3 ("Please produce any communications between Wells Fargo and ASIC (or any of its affiliated companies) regarding Sunbelt not produced in response to Request for Production No. 2.")

[15] *Id.*, Request for Production 7 ("For any other claim made by Sunbelt under ASIC Policy No. EG 4068312 (or any of its predecessors), please produce any document that comprises, evidences, or discusses the notice provided of that claim.").

[16] *Id.*, Request for Production 8; *see also* Exhibit B, correspondence from Sean Brady to Alistair Ward, Sept. 19, 2016.

### c. ASIC's relationship with Wells Fargo.

Finally, Sunbelt inquired about ASIC's relationship with Wells Fargo.[17] In addition to a description of the relationship, Sunbelt also asked ASIC to produce documents and communications concerning it and regarding Wells Fargo's authority to act on ASIC's behalf.[18]

### 4. ASIC provides insufficient responses.

ASIC's discovery responses raised meritless objections and provided inadequate and insufficient responses. It objected to nearly every request on the grounds of relevance.[19] It objected to providing any information related to notice given and accepted under any policy other than Sunbelt's.[20] In many instances, it evaded responding directly to the request posed to it.[21] And in nearly all, it rested on a string of boilerplate objections.[22]

Sunbelt attempted to confer with ASIC about its responses, but very little of what was requested has been provided.[23] Much of what was produced appears to be the underwriting files

---

[17] *Id.*, Interrogatory 1 ("Please describe the relationship between ASIC and Wells Fargo, both in general and particularly with regard to Policy No. EG 4068312 issued to Sunbelt. Please include in your answer a description of the things that Wells Fargo is authorized to perform on ASIC's behalf, and a listing of the documents in which that authority is granted.").

[18] *Id.*, Request for Production 1 ("Please produce any documents that govern, comprise, evidence, or discuss the relationship between Wells Fargo and ASIC (or any of its affiliated companies), both in general and particularly with regard to Policy No. EG 4068312 issued to Sunbelt."); *id.*, Request for Production 4 ("Please produce any communications between Wells Fargo and ASIC (or any of its affiliated companies) regarding the authority of Wells Fargo to act on behalf of ASIC (or any of its affiliated companies).").

[19] *Id.*, response to Requests for Admission 1-5; *id.*, response to Interrogatories 2-7; *id.*, response to Requests for Production 1-5, 8.

[20] *Id.*, response to Requests for Admission 1-5; *id.*, response to Interrogatories 2-7; *id.*, response to Requests for Production 2-5.

[21] *E.g.*, *id.*, response to Interrogatory 1.

[22] *E.g.*, *id.*, response to Requests for Admission 1-5; *id.*, response to Requests for Production 1.

[23] *See* Exhibit B (September 29, 2016 email from Sean P. Brady to Alistair M. Ward).

6

for the two policies, along with a few communications about this claim. ASIC's insufficient responses have required Sunbelt to seek relief from the Court.

### III. LAW AND ARGUMENT

#### A. The Court may compel litigants to provide full and complete responses to discovery requests.

The Federal Rules provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[24] Parties are required to provide timely responses to discovery requests. A party that fails to respond to interrogatories or requests for production may be compelled to do so by motion.[25]

The Federal Rules also permit parties to request admissions from other parties. Parties may request that other parties admit facts.[26] The responding party is required to either (i) admit the request, (ii) "specifically deny it," or (iii) "state in detail why the answering party cannot truthfully admit or deny it."[27] If the responding party objects to providing a substantive response, the requesting party may move to determine the sufficiency of the objection. If the Court finds the response to be insufficient, it may order that the matter is deemed admitted, or it may require

---

[24]   Fed. R. Civ. P. 26(b).

[25]   Rule 37(a)(3)(B)(iii)-(iv). For relevant purposes, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

[26]   Rule 36(a)(1)(A).

[27]   Rule 36(a)(4).

7

an amended answer be served.[28]

### B. Discovery regarding how ASIC accepts notice (and whether notice to Wells Fargo is sufficient) is relevant to this litigation.

In nearly all of its responses, ASIC objected that Sunbelt was seeking irrelevant information and documents.[29] ASIC is incorrect. ASIC moved for summary judgment, arguing (among other things) that Sunbelt did not provide timely notice of Shaf-Land's demand under the terms of the policies at issue. In moving to continue that motion, Sunbelt showed that it needed discovery to contest this argument. Specifically, Sunbelt showed that it needed to discover additional information about the relationship between Wells Fargo and ASIC, and whether ASIC has a history of accepting claims submitted to Wells Fargo and its other agents. Such information would show the extent to which ASIC's past claims-handling actions undermine its strict stance with regard to Sunbelt.

The Court *granted* Sunbelt's motion. In doing so, it implicitly recognized that the discovery Sunbelt seeks is *relevant* to its claim to coverage from ASIC. Indeed, the Court's ruling recognized that this discovery was so important that ASIC's motion for summary judgment could not even be considered without it. Sunbelt's discovery targets the very issues addressed in its motion to continue (and the Court's tentative dismissal of) ASIC's summary judgment motion. ASIC's efforts to avoid discovery on these issues is at odds with that ruling. The discovery is relevant, and the Court should reject ASIC's contrary objection. The Court should strike all of the relevance objections ASIC raised throughout its response to Sunbelt's discovery requests.

---

[28]    Rule 36(a)(6).

[29]    Exhibit A, ASIC Discovery Responses, response to Requests for Admission 1-5; *id.*; response to Interrogatories 2-7; *id.*, response to Requests for Production 1-5, 8.

8

### C. The Court should compel discovery related to ASIC's acceptance of notice of claims under other policies.

The Court should compel ASIC to respond to Sunbelt's discovery requests regarding ASIC's history of accepting notice under other policies during the past five years.[30] In this lawsuit, ASIC has contended that the only way Sunbelt could have provided timely notice of Shaf-Land's demand was through written notice by Sunbelt itself. To defend against this assertion, Sunbelt submitted targeted discovery requests to ASIC meant to determine whether ASIC has accepted claims when notice was given through other means, *i.e.*, notice given (1) to ASIC by a producer, agent, or broker; (2) to ASIC by a party making a claim against the insured; (3) orally; (4) to Wells Fargo; or otherwise (5) to ASIC in a manner other than as specified in its particular policy.[31]

ASIC's objections to these requests are meritless. It cannot object on the basis that the information concerns policies of non-parties. The information is not privileged, and ASIC does not argue otherwise. And even if the information is confidential and deserving of some special protection, the objection is still ineffective given the protective order in place.[32]

ASIC's other objections are equally meritless. The requests are not overly broad or unduly burdensome. ASIC does not have to look through every claims file to respond to the requests for admission; it need look only until it has found an instance where it accepted notice in the manner specified. Further, the requests are limited to a confined, five-year period. And though

---

[30]  *Id.*, Requests for Admission 1-5; *id.*; Interrogatories 2-7; *id.*, Request for Production 5.
[31]  *Id.*, Requests for Admission 1-5; *id.*, Interrogatories 2-6; *id.*, Request for Production 5.
[32]  Rec. Doc. 31.

9

it may involve some effort to search for the requested information, the request is not *unduly* burdensome, given that the information requested may support Sunbelt's claim to coverage.

ASIC's remaining boilerplate objections—stating without any explanation or support that the requests are "vague, ambiguous," "vexatious, *and/or* intended solely for the purposes of harassment" (emphasis added) are no more helpful than the others. These objections do not even indicate which of them, if any, are actually being asserted. Nor do they offer any explanation of how the requests are unclear or harassing, which is insufficient to "voice a successful objection."[33] Regardless, these objections are meritless. There is no ambiguity or attempt at harassment. These requests specifically target information that is necessary (as the Court has already recognized) to Sunbelt's coverage claim.

### D. The Court should compel ASIC's response to discovery related to its relationship with Wells Fargo.

The Court should also compel ASIC to respond to Sunbelt's requests for information related its relationship with Wells Fargo.[34] Its objections do not justify its failure to provide full and complete responses. Its objection that Interrogatory 1 "calls for a legal conclusion" is unfounded. Sunbelt asked ASIC to "describe the relationship between ASIC and Wells Fargo."[35] This asks for a *factual* description of the relationship, not a legal conclusion.[36]

---

[33]   *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that do not "show specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" are "not adequate to voice a successful objection").

[34]   Exhibit A, ASIC Discovery Responses, Interrogatory 1; *id.*, Requests for Production 1, 4.

[35]   *Id.*, response to Interrogatory 1.

[36]   Of course, even if the interrogatory sought a legal conclusion, it would still not be objectionable. Fed. R. Civ. P. 33(b)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Given the lack of any valid objection, ASIC should have responded to Sunbelt's request. It did not do so; it failed to describe their factual relationship or provide any listing of things Wells Fargo is authorized to perform on ASIC's behalf.[37]

ASIC's objections to Request for Production No. 1 likewise do not justify its failure to respond. It contends without any support that Sunbelt's request is overly broad and vexatious.[38] The request is neither. In continuing the summary judgment motion, the Court recognized the relevance and importance of discovery into the relationship between ASIC and Wells Fargo. This request is tailored precisely to accomplish that goal—it asks for documents that evidence the relationship between ASIC and Wells Fargo. Of course, this request could require production of a number of documents. But a targeted discovery request is not overbroad just because it would result in many documents being produced.

As to Request for Production No. 4[39], again, it is not a valid objection to say that the information concerns policies of non-parties.[40] The information is not privileged, and its confidentiality may be protected under the protective order in place.[41]

### E.  The Court should compel ASIC's response to discovery related to its claims history with Sunbelt.

Lastly, the Court should compel ASIC to respond to Sunbelt's requests for information related its past claims history with Sunbelt.[42] Interrogatory 7 asks ASIC to state how notice has

---

[37]  *See* Exhibit A, ASIC Discovery Responses, response to Interrogatory 1.

[38]  *Id.*, response to Request for Production 1.

[39]  Which sought communications between Wells Fargo and ASIC regarding Wells Fargo's authority to act on ASIC's behalf.

[40]  *Id.*, response to Request for Production 4.

[41]  Rec. Doc. 31.

[42]  Exhibit A, ASIC Discovery Responses, Interrogatory 7; *id.*, Requests for Production 3, 7-8.

11

been given by Sunbelt as to any prior claim. Request for Production No. 7 asks for documents related to such prior notice. How ASIC has accepted notice on past Sunbelt claims (particularly if that notice was provided through Wells Fargo) is directly relevant to the question of whether ASIC received proper notice here. ASIC's objections do not support withholding a full and complete response to these requests. In particular, it may not rely on the objection that the requests seek information that may or may not be in Sunbelt's possession.[43]

ASIC should be compelled also to fully respond to Request for Production No. 3. That request asks for ASIC's communications with Wells Fargo regarding Sunbelt. The request concerns policies and claims directly at issue in this litigation. As explained elsewhere, ASIC's claims history with regard to Sunbelt is relevant—and that history extends beyond just the most recent two policies. Nor can ASIC rely on an objection that the requests seek information that may or may not be in Sunbelt's possession, which is not a valid objection.[44] The remaining objections—stating without any explanation or support that the requests are "vague, ambiguous, overly broad, unduly burdensome, vexatious, *and/or* intended solely for the purposes of harassment" (emphasis added) are boilerplate, and they are insufficient to "voice a successful objection."[45]

---

[43] *Id.*, response to Interrogatory No. 7; *id.*, response to Request for Production 7 (incorporating objections in response to Request for Production 3); *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.*, No. 09-497-JJB, 2011 WL 1337374, at *2 (M.D. La. Apr. 7, 2011) ("However, a party may not simply refuse to respond to a party's discovery request on the grounds that the party already has the information.").

[44] Exhibit A, ASIC Discovery Responses, response to Request for Production 7 (incorporating objections in response to Request for Production 3); *KeyBank Nat. Ass'n*, 2011 WL 1337374, at *2.

[45] Exhibit A, ASIC Discovery Responses, response to Request for Production 3; *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

12

## IV. CONCLUSION

The court should compel discovery as set forth in this memorandum.

                                                Respectfully submitted,

/s/    Sean P. Brady
Harold J. Flanagan (#24091)
Sean P. Brady (#30410)
Andy J. Dupre (#32437)
Anders F. Holmgren (#34597)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 2405
New Orleans, Louisiana 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

Attorneys for Sunbelt Chemicals Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 24th day of October, 2016, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

/s/    Sean P. Brady