**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SHAF-LAND, LLC** | * | **CIVIL ACTION NO. 15-CV-588** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **SUNBELT CHEMICALS CORP. and** | * | **MAG. JUDGE ERIN** |
| **AIG SPECIALTY INS. CO.** | * | **WILDER-DOOMES** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

AIG SPECIALTY INSURANCE COMPANY'S
OPPOSITION TO SUNBELT'S MOTION TO COMPEL

**TABLE OF CONTENTS**

I.  Sunbelt's objectionable discovery requests do not seek relevant information .......................... 1

    A.  Sunbelt did not report Shaf-Land's claim to WFIS ...................................................... 2

    B.  WFIS had no authority to accept notice on behalf of ASIC ........................................ 4

II.  Sunbelt's objectionable requests are overly broad and unduly burdensome .......................... 5

    A.  Discovery regarding how ASIC accepts notice ........................................................... 6

    B.  Discovery regarding ASIC's relationship with WFIS .................................................. 8

    C.  Discovery related to Sunbelt's claims history ............................................................ 9

III.  Conclusion .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Gorman v. City of Opelousas*, 13-1734 (La. 7/1/14), 148 So.3d 888……………………………….......1

*Marine Power Holding, LLC v. Malibu Boats, LLC*, 2016 WL 403650 (E.D.La. 1/11/2016)…..........5

**Rules**

F.R.C.P. 26…………………………………………………………………………………….5, 9, 10

**AIG SPECIALTY INSURANCE COMPANY'S OPPOSITION
TO SUNBELT'S MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

Direct-action defendant, AIG Specialty Insurance Company ("ASIC"), respectfully submits this memorandum in opposition to the Motion to Compel filed by Defendant, Sunbelt Chemicals Corp. ("Sunbelt"). Sunbelt's motion requests that this Court compel ASIC to review and produce the claims files of *all claims* submitted under policies issued by ASIC to *any insured* for the past *five years* and to produce years' worth of underwriting files on policies not even tangentially related to this litigation. Sunbelt's proclaimed relevance for this discovery is that its agent, Wells Fargo Insurance Services USA, Inc. ("WFIS"), received notice of the demands against it by Plaintiff Shaf-Land, LLC ("Shaf-Land") and that WFIS has authority to accept notice on behalf of ASIC. This rationale is premised on misstatements of undisputed facts. Sunbelt did not report Shaf-Land's claim to WFIS; even had Sunbelt reported the claim to WFIS, which is denied, WFIS does not have authority to accept notice of claims on behalf of ASIC. Absent even a *scintilla* of evidence to support its theory in the case, the rules of discovery do not allow Sunbelt to conduct a fishing expedition. Even if the Court finds that Sunbelt's requests seek relevant information, which is denied, any thin relevance is far outweighed by the undue burden and expense of responding to these requests.

**I.      Sunbelt's objectionable discovery requests do not seek relevant information.**

As Sunbelt correctly explains in its motion, coverage is only implicated under the ASIC Policies, if at all, if a claim is first made against Sunbelt and reported to ASIC during the policy period.[1] Sunbelt has already admitted that it first received notice of Shaf-Land's claims against it on

---

[1] *See,* Rec. Doc. Nos. 17-7 and 17-8. Such claims-made-and-reported provisions have been enforced by the Louisiana Supreme Court. *Gorman v. City of Opelousas*, 13-1734 (La. 7/1/14), 148 So.3d 888.

March 3, 2015;[2] accordingly, the claim should have been reported in writing to ASIC during the 2014-2015 policy period. However, no entity—not WFIS nor Sunbelt—ever reported the claim to ASIC.[3]

Instead of acknowledging that the claims-made-and-reported requirements were not satisfied, Sunbelt asks this Court to allow it to conduct a fishing expedition under its invented theory of the case. Sunbelt supports its motion to compel with a two-pronged theory of relevance: (1) that its agent, WFIS, received notice of the claim; and (2) that WFIS was authorized to receive notice on behalf of ASIC, such that notice to WFIS constitutes notice to ASIC. What Sunbelt fails to advise this Court is that the undisputed facts soundly refute both prongs of this theory.

### A.     Sunbelt did not report Shaf-Land's claim to WFIS.

Sunbelt premises its entire relevance argument on the baseless and false assertion that "notice of Shaf-Land's alleged damages was unquestionably provided to the policy producer (Wells Fargo Insurance Services USA, Inc.) on a timely basis."[4] Sunbelt provides absolutely no support for this blanket assertion. In fact, according to the WFIS corporate representative, WFIS *never* received notice of Shaf-Land's demand prior to suit being filed against Sunbelt and ASIC.[5] In response to a subpoena issued by Shaf-Land, WFIS produced its *entire* file related to Sunbelt.[6] The earliest communication in WFIS' file related to this claim is October 22, 2015—after suit was filed against

---

[2] *See*, Rec. Doc. No. 17-4 (Sunbelt's 4/19/2016 discovery responses).

[3] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 191:4-13). *See also,* Rec. Doc. No. 17-5 (Affidavit of Margaret Connell). Sunbelt also failed to advise ASIC of Shaf-Land's claims against it when it signed its application for insurance on April 2, 2015—nearly a month after it received notice of Shaf-Land's claims against it. Exhibit 1 (4/2/15 Sunbelt Environmental and General Liability Application).

[4] Sunbelt's memorandum at p. 5.

[5] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 30:19-33:21, 78:15-80:7, 82:15-18, 154:24-155:6, 171:13-14, 172:2-9, 188:4-11, 190:8-12).

[6] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 30:19-33:21, 154:24-155:6, 171:13-14,172:2-9, 172:21-22, 188:4-11).

2

ASIC—and well after the expiration of the 2014-2015 policy period.[7] WFIS' own file reveals that Sunbelt did not report the claim to WFIS. And Sunbelt has produced no evidence to the contrary.

Sunbelt also fails to advise this Court that ASIC has produced the entirety of the underwriting files for both the 2014-2015 and 2015-2016 ASIC Policies—the only two potentially relevant policies, as well as the non-privileged portions of its claim file relating to the claim. Sunbelt complains in its motion that ASIC produced "a few communications about this claim."[8] Given the undisputed fact that service of the lawsuit against ASIC was ASIC's first notice of Shaf-Land's claims against Sunbelt, it is hardly surprising that the bulk of ASIC's claims file contains information which is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Neither the ASIC underwriting files, the ASIC claim file, the WFIS file, nor the Sunbelt production contain a single piece of direct or indirect evidence indicating that Sunbelt reported the claim to WFIS (or to ASIC) prior to this suit. Notably, Sunbelt's motion to compel fails to reference *anything* to support its position that WFIS "unquestionably received timely notice" of Shaf-Land's claim.

Sunbelt asserts that its overly broad and unduly burdensome discovery requests are relevant, because WFIS received timely notice. WFIS' own production and corporate testimony, however, reveal that WFIS did not receive timely notice; indeed, WFIS never received notice prior to this suit. Nor is Sunbelt itself able to provide any evidence that it reported the claim to WFIS.[9] Because

---

[7] *Id.; see also,* Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 190:8-12).

[8] Sunbelt's memorandum at p. 7.

[9] During the November 11, 2016 30(b)(6) deposition of Sunbelt, Sunbelt's corporate representative testified that he thinks he may have raised Shaf-Land's claim sometime in the spring of 2015 during a telephone conference with WFIS while the two entities were discussing the renewal of Sunbelt's insurance policy. Sunbelt has no evidence that it provided such oral notice of Shaf-Land's claim; and indeed, WFIS has already testified that oral notice of a claim is not sufficient. Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 88:7-9). Sunbelt has no evidence that it ever provided written notice to either WFIS or to ASIC. Furthermore, Sunbelt has no evidence to dispute that WFIS never reported the claim to ASIC; nor does Sunbelt have any evidence to dispute that ASIC first became aware of Shaf-Land's claim when ASIC was served with this lawsuit. ASIC will supplement this memorandum with the deposition transcript of Sunbelt upon receipt.

the very premise of Sunbelt's relevance argument fails, this Court should sustain ASIC's objections and deny Sunbelt's motion to compel.

**B.      WFIS had no authority to accept notice on behalf of ASIC.**

The undisputed facts show that Sunbelt did not report Shaf-Land's claim to WFIS; accordingly, the second prong of Sunbelt's theory is moot. Because the claim was never reported to WFIS, it is irrelevant whether or not receipt of notice by WFIS constitutes receipt of notice by ASIC. Regardless, even had WFIS received notice, which is not only denied but is also refuted, notice to WFIS does not equate to notice to ASIC. Sunbelt has already admitted that WFIS is its agent;[10] and both the production by ASIC and the production by WFIS are devoid of any evidence that WFIS had either explicit or implicit authority to receive notice on behalf of ASIC. Indeed, WFIS does not have the authority to accept claims on behalf of ASIC.[11] When a claim is reported to WFIS, WFIS must report the claim to the insurer.[12] Accordingly, even had Sunbelt reported the claim to WFIS, which is denied, the reporting of the claim to WFIS does not mean that the claim was reported to ASIC.

Sunbelt also seems to imply that, because this Court denied ASIC's motion for summary judgment without prejudice, that somehow Sunbelt's discovery requests are *de facto* relevant. After this Court's order, the parties engaged in relevant discovery. As mentioned above, ASIC produced its underwriting files for the 2014-2015 and 2015-2016 policy periods and the non-privileged portions of its claims file, WFIS produced its file in response to a subpoena, and Sunbelt produced its responsive documents.[13] These files reveal that Sunbelt never reported the claim to either ASIC

---

[10] *See*, Rec. Doc. No. 17-4 (Sunbelt's 4/19/2016 discovery responses).

[11] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 86:16-87:21); Exhibit 3 (Affidavit of Bruce Davidson).

[12] *Id.; see also*, Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 88:22-89:4, 163:20-164:1, 206:1-6).

[13] The 30(b)(6) deposition of Sunbelt was conducted on November 11, 2016. ASIC will supplement this memorandum with the relevant portions of that deposition transcript on receipt.

or WFIS until after this lawsuit. Regardless, Sunbelt seeks to compel the review and production of claims files related to claims submitted by *non-party insureds over a five-year period, as well as years' worth of underwriting files on policies issued to Sunbelt that are not even potentially implicated by this litigation*. Not only do these requests seek irrelevant information, they are overly broad, unduly burdensome, and vexatious. As the courts have recognized, "the legal tenant that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Marine Power Holding, LLC v. Malibu Boats, LLC*, 2016 WL 403650 (E.D.La. 1/11/2016)(finding plaintiff's theory speculative, the court denied plaintiff's motion to compel, finding that it was more akin to a fishing expedition than an actual need for information). Here, Sunbelt has provided no evidence to support its theory that WFIS received timely notice of the claim; indeed, the facts refute Sunbelt's theory. ASIC's objections to Sunbelt's requests on the grounds of relevance must therefore be sustained and Sunbelt's motion to compel denied. Even if Sunbelt's requests seek relevant information, which is denied, any thin relevance is far outweighed by burden of responding to the requests.

## II.    Sunbelt's objectionable requests are overly broad and unduly burdensome.

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery … can be obtained from some other source that is more convenient, less burdensome or less expensive." F.R.C.P. 26(b)(C). The court may also protect a party from "annoyance" or "undue burden or

expense." F.R.C.P. 26(c)(1). Here, the information that Sunbelt seeks to compel (1) is not relevant to this litigation; (2) is not proportional to the needs of the litigation; and (3) is overly burdensome and expensive to respond to.

### A.       Discovery regarding how ASIC accepts notice.

In Request for Admission Nos. 1-5, Interrogatory Nos. 2-7, and Request for Production No. 5, Sunbelt seeks the production of information regarding how ASIC has accepted notice in the *past five years* under policies issued by ASIC to *any* insured. In its motion, Sunbelt argues that it needs to "discovery additional information about the relationship between Wells Fargo and ASIC, and whether ASIC has a history of accepting claims submitted to Wells Fargo." Here, it is undisputed that WFIS never received notice of the claim[14] and that ASIC never received notice of the claim from *any* entity.[15] Further, WFIS had no authority to accept claims on ASIC's behalf.[16]  Sunbelt's discovery requests are therefore objectionable on the grounds of relevance. In addition, how ASIC accepted notice of claims submitted on behalf of non-party insureds under policy language that may or may not be the same as the policy language at issue in this litigation is wholly irrelevant to the failure to comply with the claims-made-and-reported requirements at issue herein. Even if such information were even tangentially relevant, which is denied, any slim relevance is outweighed by the undue burden necessary to respond.

As undersigned counsel explained to Sunbelt's counsel during the parties' discovery conference, **3,791** claims were created for Environmental Specialty Claims on ASIC policies from January 1, 2015 to July 27, 2016.[17] Even if Sunbelt's request was limited to *one and a half* years, ASIC would be required to review 3,791 claims files to determine (1) whether notice was provided

---

[14] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 30:19-33:21, 78:15-80:7, 82:15-18, 154:24-155:6, 171:13-14, 172:2-9, 188:4-11, 190:8-12).
[15] Rec. Doc.17-5, Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 191:4-13).
[16] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 86:16-87:21, 88:22-89:4, 163:20-164:1, 206:1-6); Exhibit 3.
[17] Exhibit 3.

by the insured or the insured's agent;[18] (2) whether notice was provided by the party making the claim against the insured;[19] (3) whether notice was made orally;[20] and (4) whether notice was made to WFIS.[21] Reviewing 3,791 claims files is an objectively unreasonable request and is <u>not</u> proportional; particularly where, as here, Sunbelt cannot provide any evidence in support of its theory. ASIC's objections to these requests on the grounds of relevance, overbreadth, and undue burden are therefore well founded and should be sustained by this Court. Where the discovery sought is not proportional to the needs of the case, the discovery is not authorized under the Federal Rules.

In addition, Sunbelt's requests seek the production of information regarding claims submitted by non-party insureds. These requests seek not only irrelevant information and information which is unduly burdensome to respond to, but they also seek confidential information regarding claims submitted by non-party insureds. Certainly, ASIC's insureds are entitled to assume that their claims history will not be produced in litigation in which they are not involved.

Furthermore, Sunbelt claims that the basis for Request for Admission Nos. 1-5 is that "ASIC has contended that the only way Sunbelt could have provided timely notice of Shaf-Land's demand was through written notice by Sunbelt itself."[22] In ASIC's responses to Request for Admission Nos. 1-5, ASIC admitted that:

> under Policy No. 4068312 issued to Sunbelt Chemical Corp., in order for coverage to potentially apply under Coverage D, "the claim for bodily injury or property damage [must] first be made against the insured [Sunbelt] and reported to us in writing during the policy period or any extended reporting period if applicable." ASIC further avers that ASIC's first notice of Shaf-Land's claims against Sunbelt was on or about August 4, 2015, when ASIC was served with Shaf-Land's lawsuit through

---

[18] Request for Admission No. 1.
[19] Request for Admission No. 2.
[20] Request for Admission No. 3.
[21] Request for Admission No. 4.
[22] Sunbelt's memorandum, p. 9.

7

the Louisiana secretary of state. Prior to August 4, 2015, ASIC did not receive notice of Shaf-Land's claims against Sunbelt from any entity.[23]

Sunbelt's blanket assertion to the contrary, ASIC has not taken the position that notice must be received through written notice "by Sunbelt itself." Since Sunbelt claims that it "needs" this discovery "to defend against this assertion,"[24] Sunbelt's discovery is, by definition, irrelevant since ASIC has not made this assertion.

### B.      Discovery regarding ASIC's relationship with WFIS.

Sunbelt's discovery requests regarding a relationship between ASIC and WFIS likewise seek wholly irrelevant information.[25] There is *no* evidence that WFIS ever received notice of this claim;[26] accordingly, Sunbelt's assertion that notice on WFIS constitutes notice on ASIC is moot. Regardless, WFIS has no authority to accept notice on behalf of ASIC.[27] Further, Sunbelt itself admits that WFIS is its agent.[28] Sunbelt's discovery requests regarding a relationship between ASIC and WFIS seek irrelevant information and ASIC's relevance objections should be sustained. Sunbelt also complains that ASIC objects to Interrogatory No. 1 on the grounds that it seeks a legal conclusion. ASIC objects to the request on the grounds that "it calls for a legal conclusion," but responds to the request subject to the objection. WFIS has no authority to act on ASIC's behalf.[29] Accordingly, there are no documents, which evidence "the authority of Wells Fargo to act on behalf of ASIC."[30] WFIS has already produced its entire file related to the Sunbelt account.[31]  Nowhere in

---

[23] ASIC's Responses to Request for Admission Nos. 1-5.
[24] Sunbelt's memorandum at p. 9.
[25] Interrogatory No. 1; Request for Production Nos. 1, 4.
[26] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 30:19-33:21, 78:15-80:7, 82:15-18, 154:24-155:6, 171:13-14, 172:2-9, 188:4-11, 190:8-12).
[27] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 86:16-87:21, 88:22-89:4, 163:20-164:1, 206:1-6); Exhibit 3.
[28] Rec. Doc. No. 17-4 (Sunbelt's 4/19/16 discovery responses).
[29] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 86:16-87:21, 88:22-89:4, 163:20-164:1, 206:1-6); Exhibit 3.
[30] Request for Production No. 4.
[31] Exhibit 2 (11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 30:19-33:21, 154:24-155:6, 171:13-14, 172:2-9, 172:21-22, 188:4-11).

this file is there any evidence that WFIS has either explicit or implicit authority to accept notice of claims on ASIC's behalf. The Court "must limit…the extent of discovery…if it determines that … the discovery sought can be obtained from some other source that is more convenient, less burdensome or less expensive." F.R.C.P. 26(b)(2)(C). Here, the parties have already incurred the expense of receiving and reviewing the entirety of the WFIS production, and it is devoid of any evidence that WFIS had authority to accept notice on ASIC's behalf. While the rules of discovery are broader than the rules of admissibility, the discovery rules do not allow a party to conduct a fishing expedition.

### C. Discovery related to Sunbelt's claims history.

Again, Sunbelt's discovery requests relating to how Sunbelt has provided notice of other claims seeks entirely irrelevant information.[32] Sunbelt did not report Shaf-Land's claim against it to either ASIC or WFIS until after suit was filed. Despite this unavoidable truth, Sunbelt seeks to compel ASIC to produce all of the claims files related to notice given by Sunbelt on any other prior claim. Sunbelt claims that such information is "directly relevant to the question of whether ASIC received proper notice here."[33] As has already been established, ASIC received *no* notice, prior to the filing of Shaf-Land's suit, from Sunbelt, WFIS, or any other entity. Sunbelt's theory of relevance is therefore unfounded.

Sunbelt also seeks to compel the production of ASIC's communications with WFIS because the request "concerns policies and claims directly at issue in this litigation." Of course, ASIC has already produced the entire underwriting file for the two policies potentially at issue in this litigation and the entire non-privileged portion of its claims file (along with a privilege log). Regardless, Sunbelt seeks to compel ASIC to produce years' worth of underwriting files and years'

---

[32] Interrogatory No. 7; Request for Production No. 7.
[33] Sunbelt's memorandum at p. 12.

worth of claims files regarding policies and claims not at issue in this lawsuit. Whether ASIC received notice of *other* claims from WFIS, from Sunbelt directly, or from another entity is entirely irrelevant to this claim. Sunbelt is not allowed to go on a fishing expedition and force another party to exert time and resources to review years' worth of underwriting files and claims files when Sunbelt cannot produce a *scintilla* of evidence in support of its defense theory in this case. In addition, WFIS has already produced its entire file relating to the Sunbelt account. This file spans the entire time period during which WFIS was Sunbelt's agent (2008-2016) and contains information regarding Sunbelt's claims history. Although Sunbelt claims that the fact that this information is in Sunbelt's possession is not a valid objection, Sunbelt cites to a case that predates the 2015 amendments to F.R.C.P. 26 and fails to recognize that the courts are now required to limit discovery where the information can be obtained from a more convenient, less burdensome, and less expensive source. Here, not only is information regarding Sunbelt's claims history within Sunbelt's own possession, it has already been produced by WFIS.

### III.    Conclusion

The entire premise of Sunbelt's motion to compel fails. Neither WFIS nor ASIC ever received notice of Shaf-Land's claim against Sunbelt prior to the initiation of this lawsuit. Even if Sunbelt reported the claim to WFIS, WFIS had no authority to accept notice of claims on behalf of ASIC. Despite this, Sunbelt seeks a motion compelling ASIC to produce five years' worth of claims files related to non-party insureds under policies not at issue in this litigation and to produce years' worth of underwriting files on policies not at issue in this litigation. Sunbelt's motion to compel fails to establish that these requests seek relevant information. On this basis alone, this Court must sustain ASIC's objections and deny Sunbelt's motion. In addition, the information which Sunbelt seeks to compel is disproportionate to the needs of the case inasmuch as the burden and expense in responding to the discovery is far outweighed by any benefit.

AIG Specialty Insurance Company therefore respectfully requests that its objections to Sunbelt's discovery responses be sustained and that Sunbelt's motion to compel be denied, with each party bearing its own costs.

Respectfully Submitted,

/s/ Alistair M. Ward

ROBERT I. SIEGEL (LA #12063)
ALISTAIR M. WARD (LA #24693)
**Gieger, Laborde & Laperouse, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Defendant AIG Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing AIG Specialty Insurance Company's Opposition to Sunbelt's Motion to Compel was served upon all counsel of record this 14th day of November, 2016, by e- filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/ Alistair M. Ward

ALISTAIR M. WARD

11