## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAF-LAND, LLC** | * | **CIVIL ACTION NO. 15-CV-588** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **SUNBELT CHEMICALS CORP. and** | * | **MAG. JUDGE ERIN** |
| **AIG SPECIALTY INS. CO.** | * | **WILDER-DOOMES** |
| | * | |

**************************************************************************

### MEMORANDUM IN OPPOSITION TO SUNBELT CHEMICAL CORPORATION'S MOTION FOR ADDITIONAL TIME TO TAKE 30(B)(6) DEPOSITION OF ASIC

**MAY IT PLEASE THE COURT:**

Direct-action defendant AIG Specialty Insurance Company ("ASIC") submits this Memorandum in Opposition to Sunbelt Chemicals Corp.'s ("Sunbelt") Motion for Additional Time To Take 30(b)(6) Deposition Of ASIC.  Sunbelt's second request to extend the discovery deadline in this matter is another attempt to delay the resolution of the insurance coverage issues in this litigation.  Sunbelt provides no support for its second extension of the discovery deadline beyond a premise that it *might* receive additional documents in response to its pending motion to compel that *might* result in Sunbelt wanting to depose ASIC at some unspecified later date.  Sunbelt has had more than adequate time to conduct discovery in this litigation, including over six months since ASIC filed for summary judgment.  The facts that are actually relevant to coverage are undisputed and Sunbelt's maneuvers at this point appear to be nothing more than an attempt to delay a ruling from this Court that coverage is not owed and ASIC has no duty to continue defending Sunbelt in this litigation.  This Court should deny Sunbelt's second requested extension of the discovery deadline and reject further attempts by Sunbelt to delay adjudication of coverage.

**BACKGROUND**

This dispute stems from a lawsuit filed by Shaf-Land, LLC ("Shaf-Land") in August of 2015 claiming that during the term of a lease between itself and Sunbelt, Sunbelt's operations caused damage to the leased premises, including the roof, walls and structural support of one building, and that Sunbelt dumped chemicals on the property.  Shaf-Land sued Sunbelt for damages and breach of contract and also named ASIC a direct action defendant as the insurer of Sunbelt.

On December 4, 2015, this Court entered a Scheduling Order directing in relevant part that "[a]ll fact discovery shall be completed, and motions to compel fact discovery shall be filed, by August 15, 2016."[1]  ASIC issued discovery requests to Sunbelt in March of 2016, and Sunbelt provided its responses in April of 2016.

On May 10, 2016, ASIC filed a motion for summary judgment asserting that there was no coverage under the ASIC Policies based, in part, on the undisputed fact that the claim had not been first made and reported during either of the ASIC policy periods.[2]  ASIC also sought a declaration that it was entitled to withdraw its defense of Sunbelt.[3]  Counsel for Sunbelt requested additional time to oppose ASIC's motion; ASIC did not oppose Sunbelt's request,[4] and Sunbelt's opposition deadline was extended by an additional thirty days.[5]  Three days prior to Sunbelt's opposition deadline and nearly two months after ASIC filed its motion for summary judgment, Sunbelt filed a motion to continue ASIC's motion for summary judgment and sought expedited hearing.[6]  On the same day, Sunbelt issued its *first* set of interrogatories, requests for production, and requests for admission to ASIC.  The very next day, before ASIC could file a response, the Court dismissed

---

[1]  *See* Rec. Doc. 15 at 1.
[2]  ASIC's motion for summary judgment asserts numerous other defenses to coverage; however, because the focus of Sunbelt's discovery and motion to compel is the failure to satisfy the claims-made-and-reported requirements, that is the focus of ASIC's opposition.
[3]  Rec. Doc. No. 17.
[4]  Rec. Doc. No. 19.
[5]  Rec. Doc. No. 20.
[6]  Rec. Doc. No. 23

ASIC's motion from the Court's docket.[7]   The Court reserved to ASIC the right to re-notice its motion "following discovery on relevant issues."[8]

On August 12, 2016, Sunbelt moved this Court for an extension of certain Scheduling Order deadlines, including a request to extend the fact discovery deadline from August 15, 2016, to November 15, 2016.[9]   The motion was denied for failure to show cause.[10]   On August 26, 2016, Sunbelt again moved for an extension of the scheduling order deadlines, and this request was ultimately granted.[11]   ASIC did not oppose these requested extensions made by Sunbelt.

In response to Sunbelt's discovery requests ASIC produced its underwriting files for the 2014-2015 and 2015-2016 policy periods and the non-privileged portions of its claims file. Sunbelt's insurance agent, Wells Fargo Insurance Services USA, Inc. ("WFIS"), also produced its file in response to a subpoena.   These files reveal that neither ASIC nor WFIS were ever notified about Shaf-Land's claims against Sunbelt.   Despite having the entire WFIS file related to the Sunbelt account and the relevant ASIC underwriting files and claim file, Sunbelt moved on October 24, 2016, to compel the review and production of claims files related to claims submitted by *non-party insureds over a five-year period, as well as years' worth of underwriting files on policies issued to Sunbelt that are not even potentially implicated by this litigation.*   ASIC has opposed Sunbelt's overly broad and vexatious motion to compel irrelevant documents.

Sunbelt now requests another extension to the Amended Scheduling Order's discovery deadline "to (1) evaluate any additional documents and information it may receive from ASIC pursuant to its motion to compel; (2) evaluate whether a 30(b)(6) deposition of ASIC is necessary;

---

[7] Rec. Doc. No. 25.
[8] *Id.*
[9] *See* Rec. Doc. 32.
[10] Rec. Doc. 37.
[11] Rec. Doc. 41.

and (3) if so, coordinate and take that deposition."[12]   Sunbelt's second requested extension of the fact discovery deadline should be denied because Sunbelt has failed to show that it has diligently pursued discovery in this matter and because Sunbelt relies on pure speculation to argue that good cause to take an untimely deposition of ASIC *might* arise if new information is produced in response to its motion to compel.

## LAW AND ARGUMENT

The Scheduling Order in this matter was issued pursuant to Federal Rules of Civil Procedure Rule 16 and provides that its deadlines may only be modified with leave of court and upon a showing of good cause.  Moreover, the Order provides that a second or subsequent request to extend the deadlines by a party "must be supported with detailed information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery."[13]

**I.     Sunbelt Has Failed To Show That It Acted Diligently In Pursing Discovery**

Sunbelt has failed to show that it has pursued discovery with diligence in this matter.  "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *SW. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).   Factors that can be taken into consideration in assess whether good cause is shown include "(1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice.  *Leza v. City of Laredo*, 496 Fed. Appx. 375, 376 (5th Cir. 2012).

---

[12] *See* Rec. Doc. 47-2.
[13] Rec. Doc. 15 at 2.

Here, Sunbelt's failure to explain its delays in pursing discovery precludes a finding of good cause.  For example, Sunbelt does not explain why it waited over six months from the issuance of the Scheduling Order—and almost two months after ASIC filed for summary judgment—to issue its first set of discovery requests to ASIC.    *See Leza v. City of Laredo*, 496 Fed.Appx. 375, 377 (5th Cir. 2012) (party must specifically explain reasons for inaction in pursing discovery).  Moreover, Sunbelt offers no explanation for waiting almost two months before filing a motion to compel production after it knew ASIC objected to the requests at issue.  *See Smith v. BCE Inc.*, 225 Fed.Appx. 212, 217 (5th Cir. 2007) (unpublished) ("A diligent party attempts to compel discovery through the presiding court after opposing counsel unjustly refuses to provide responses").  Finally, Sunbelt does not provide a reason for failing to take, or even notice, ASIC's deposition during the discovery period.  *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2d 488, 494 (S.D. Tex.2009) ("Defendant's lack of diligence with regard to scheduling this witness's deposition precludes it from having the opportunity to depose this witness outside of the discovery period").

Despite the fact that *substantive* discovery in this matter has been completed and the discovery deadline has passed, Sunbelt has not even attempted to take or notice ASIC's deposition. In fact, according to its own arguments filed the night of the amended fact discovery deadline, Sunbelt has not yet even determined whether it wants to take ASIC's deposition.[14]  Sunbelt's failure to show that it has diligently pursued discovery in this litigation precludes a finding of good cause to grant Sunbelt yet another extension to the discovery deadline.

## II.    Sunbelt Cannot Show Good Cause Based Solely On Speculation

Sunbelt has also failed to show good cause because the requested extension is premised on speculation about what *might* be uncovered *if* documents are compelled to be produced.  Sunbelt is requesting additional time to (1) evaluate any additional documents it might receive if its pending

---

[14] *See* Rec. Doc. 47-1 at 1.

motion to compel is granted, (2) evaluate based on those documents whether a deposition of ASIC is necessary, and (3) if so, take that deposition.

Sunbelt's motion fails to establish good cause because it is premised on the assumption that a production of additional documents will be compelled by this Court, a matter not yet decided. Moreover, Sunbelt does not even assert that they have any reason to depose ASIC at this time— only that they want time to evaluate whether a deposition is necessary *after* receiving any additional documents that *might* be compelled.  Sunbelt cannot make a showing a good cause based solely on such speculation.  *See generally Castillo-Baltazar v. Holder*, 537 Fed.Appx. 368, 369 (5th Cir. 2013) (speculation about possible relief is not good cause).

Sunbelt has plainly put the proverbial cart before the horse by requesting relief before having the very information that would be required to show good cause for the relief requested. Sunbelt's motion is based on pure speculation and good cause does not exist to take an untimely deposition.

## CONCLUSION

Sunbelt has failed to exercise diligence in pursuing discovery in this matter, and the relief requested is based on nothing more than speculation about what documents, if any, *might* be produced *if* its motion to compel is granted and whether Sunbelt *might* decide it wants to depose ASIC at some unspecified point in the future.  Because Sunbelt has failed to show diligence in pursing discovery and is seeking speculative relief, good cause has not been established and the motion should be denied.

Respectfully Submitted,

/s/ Alistair M. Ward

_____

ROBERT I. SIEGEL (LA #12063)
ALISTAIR M. WARD (LA #24693)
**Gieger, Laborde & Laperouse, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Defendant AIG Specialty Insurance
Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon all counsel of record this 17th day of November, 2016, by e- filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/ Alistair M. Ward

_____

ALISTAIR M. WARD