UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAF-LAND, L.L.C.** | * | **CIVIL ACTION NO. 15-CV-588** |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| **SUNBELT CHEMICALS CORP. and AIG SPECIALTY INSURANCE COMPANY** | * | **MAG. JUDGE ERIN WILDER-DOOMES** |
| | * | |

\* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ADDITIONAL TIME TO TAKE 30(B)(6) DEPOSITION OF ASIC**

Defendant Sunbelt Chemicals Corp. replies to the opposition to its motion for additional time filed by defendant AIG Specialty Insurance Company ("ASIC").

## I.   INTRODUCTION

ASIC makes three mistaken arguments in opposition to Sunbelt's motion, none of which bear serious scrutiny.

First, ASIC argues that additional discovery is unnecessary because the facts that allow it to disclaim coverage are undisputed. That is incorrect. It is very much disputed whether ASIC timely received notice of Shaf-Land, L.L.C.'s claim against Sunbelt.

Second, Sunbelt has persistently sought discovery relating to the coverage issues presented here. In the 4 1/2 months since Sunbelt retained coverage counsel in response to ASIC's motion for summary judgment, the parties have engaged in significant written discovery, and obtained and reviewed a large subpoena production from ASIC's agent for receipt of claims, Wells Fargo Insurance Services USA, Inc. They have also taken the depositions of Wells Fargo and Sunbelt. The only deposition relating to coverage issues that remains is ASIC's. And it simply did not make sense

for Sunbelt to decide whether to depose ASIC without having all of ASIC's documents. Sunbelt diligently pursued those documents, moving to compel a short time after it received ASIC's last, more than 1,800-page production in October.

ASIC's second argument is at odds with its first. It argues that Sunbelt should have asked for a deposition earlier, but then tries to take Sunbelt to task for asking for the deposition too soon. The relief Sunbelt seeks is not speculative. There are discoverable documents ASIC refuses to provide. Sunbelt simply seeks the benefit of being able to consider ASIC's full document production before deciding to spend the time and incur the expense to depose ASIC. Moreover, the Court's local rules require that Sunbelt move to extend the time to take ASIC's deposition on or before the deadline for that act.

We are 11 months from trial. ASIC will not be prejudiced if Sunbelt takes its deposition. And Sunbelt should be allowed to make that decision with the knowledge that it has received all of ASIC's documents and discovery responses. The motion should be granted.

II.   **REPLY ARGUMENT**

    A.   **Additional discovery is necessary on the disputed issues relating to ASIC's receipt of notice of Shaf-Land's claim.**

Sunbelt disputes that ASIC did not receive timely notice of Shaf-Land's claim against it. As more fully discussed in Sunbelt's reply memorandum in support of its motion to compel, Sunbelt's representative provided notice of Shaf-Land's claim to its insurance broker, Wells Fargo, during the time period allowed by the policy. Whether Wells Fargo was ASIC's agent for the receipt of notice of claims is also disputed. The documents and information sought by Sunbelt's motion to compel, and which may be explored in an ASIC 30(b)(6) deposition, are relevant to those issues.

### B. Sunbelt diligently pursued discovery from ASIC.

ASIC's motion attempts to give the impression that Sunbelt sat on its hands with respect to discovery from ASIC. Not so.

ASIC filed its motion for summary judgment seeking a ruling there is no coverage under its policy in May 2016. Sunbelt moved to hire coverage counsel (the undersigned) who enrolled on June 27, 2016.[1] Discovery requests were sent to ASIC that day. ASIC provided written responses on July 27, 2016, but did not produce any documents until over a month later, on August 31, 2016.

Sunbelt reviewed the production and then sought a discovery conference with ASIC, which took place on September 19, 2016. During the conference, ASIC agreed to consider the possibility of producing additional documents, including documents relating to its relationship with Wells Fargo (a key issue in the case).[2] When ASIC ultimately made a supplemental production of over 1,800 documents on October 4, those documents were not included. After Sunbelt had reviewed the new production it quickly drafted and filed a motion to compel. The motion, Rec. Doc. 44, was filed on October 24, 2016.

In the 4 1/2 months since the undersigned were retained, nearly all of the discovery relating to the coverage issues in this case has been completed. The final deposition that should be neces-

---

[1]   Rec. Doc. 21.

[2]   September 19, 2016 email from Sunbelt's counsel, attached as Exhibit A ("Regarding Interrogatory No. 1, you agreed that you would ask your client whether there were any documents regarding the relationship between ASIC and Wells Fargo. I asked that you provide not only any formal brokerage or similar agreements, but also any emails or correspondence that discuss aspects of the relationship. I also asked that you provide, as the interrogatory requests, a description of the tasks that Wells Fargo is authorized to perform on ASIC's behalf. I expressed that simply stating Wells Fargo is a "surplus lines broker" is not sufficient.").

3

sary is ASIC's. And it has not been taken only because ASIC chose to stonewall the discovery process. Allowing ASIC to avoid a deposition simply because it managed to stretch that process beyond the discovery deadline would reward those tactics. The Court should not do so.

      **C.    After taking Sunbelt to task for not requesting the deposition soon enough, ASIC complains that Sunbelt asked for a deposition too soon.**

The relief Sunbelt seeks is not "speculative." Sunbelt has been denied relevant discovery. It simply seeks the time to evaluate that discovery (or, if the Court denies its motion to compel, the fact that it will not have that discovery) before deciding to depose ASIC.

The case ASIC cites does not support its argument. In *Castillo-Baltazar*, a litigant complained on appeal that he should have been given a continuance at trial *that he did not ask for*.[3] Sunbelt is not asking an appellate court to speculate on the relief that it might have been given had it chose to assert its rights. It is asking a district court to give it additional time to consider whether to take an action (a deposition) when the question of what documents it will have to take that deposition has been resolved.

Moreover, the local rules required that Sunbelt file its motion "before the expiration of the period originally prescribed or as originally extended by previous orders."[4] By filing its motion now, Sunbelt was simply following the Court's rules and avoiding giving ASIC another basis on which to oppose the relief sought.

**III.    CONCLUSION**

For the reasons set forth in this memorandum and in Sunbelt's original memorandum, the

---

[3]     *Castillo-Baltazar v. Holder*, 537 F. App'x 368, 369 (5th Cir. 2013).
[4]     Local Rule 7(e).

Court should grant Sunbelt's motion and allow it additional time to (1) evaluate any further documents produced by ASIC pursuant to Sunbelt's motion to compel; (2) evaluate whether to take a 30(b)(6) deposition of ASIC; and (3) if the deposition is necessary, take that deposition.

Respectfully submitted,

/s/     Sean P. Brady
Harold J. Flanagan (#24091)
Sean P. Brady (#30410)
Andy J. Dupre (#32437)
Anders F. Holmgren (#34597)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 2405
New Orleans, Louisiana 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

Attorneys for Sunbelt Chemicals Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 18th day of November, 2016, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

/s/     Sean P. Brady