UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAF-LAND, LLC** | * | **CIVIL ACTION NO. 15-CV-588** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **SUNBELT CHEMICALS CORP. and** | * | **MAG. JUDGE ERIN** |
| **AIG SPECIALTY INS. CO.** | * | **WILDER-DOOMES** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AIG SPECIALTY INSURANCE COMPANY'S SUR-REPLY MEMORANDUM IN OPPOSITION TO SUNBELT'S MOTION TO COMPEL**

**Table of Contents**

I. Sunbelt's corporate testimony confirms that Shaf-Land's claim was not reported to ASIC ..................................................................................................................... 1

II. Sunbelt's admissions refute Sunbelt's own theory that Wells Fargo received notice and that Wells Fargo has authority to accept notice of claims on behalf of ASIC ........................................................................................................................... 3

III. Conclusion ............................................................................................................... 4

i

**AIG SPECIALTY INSURANCE COMPANY'S
SUR-REPLY MEMORANDUM IN OPPOSITION
TO SUNBELT'S MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

Direct-action defendant, AIG Specialty Insurance Company ("ASIC"), respectfully submits this Sur-Reply Memorandum in opposition to the Motion to Compel [Doc. No. 44] filed by Defendant, Sunbelt Chemicals Corp. ("Sunbelt"). The purpose of this Sur-Reply is to supplement ASIC's opposition [Doc. No. 45] to Sunbelt's motion to compel with the 30(b)(6) testimony of Sunbelt, the transcript of which was received by undersigned counsel after the filing of ASIC's opposition memorandum.[1]

For the reasons more fully articulated in ASIC's opposition, Sunbelt's motion to compel should be denied, because it seeks the discovery of information that is not relevant to this litigation. The facts are not in dispute: Plaintiff, Shaf-Land, LLC ("Shaf-Land"), first made written demand against Sunbelt on March 3, 2015. The claim was not reported to ASIC; ASIC first became aware of Shaf-Land's claim against Sunbelt when ASIC was served with the instant suit.[2] Because Sunbelt cannot satisfy the claims-made-and-reported requirements of the ASIC Policy, Sunbelt's discovery requests amount to nothing more than a fishing expedition.

I. **Sunbelt's corporate testimony confirms that Shaf-Land's claim was not reported to ASIC.**

During the November 11, 2016 30(b)(6) of Sunbelt, Tim Capp (Sunbelt's corporate representative) made the following admissions:

- Sunbelt admits that it received Shaf-Land's demand letter on March 3, 2015.[3]

---

[1] See FN 9 to ASIC's Opposition to Sunbelt's Motion to Compel [Doc. No. 45].
[2] Rec. Doc. No. 17-5 (Affidavit of Margaret Connell).
[3] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 28:1-29:19, Exhibit 2].

1

- After receiving Shaf-Land's demand letter on March 3, 2015, Sunbelt's CFO discussed the demand letter with Sunbelt's CEO, and they both determined that it was "wise that [Sunbelt] seek counsel."[4]

- Despite determining that it would be "wise" to discuss Shaf-Land's demand letter with counsel, Sunbelt admits that it did not report Shaf-Land's demand letter to Wells Fargo.[5]

- Sunbelt admits that Wells Fargo did not report Shaf-Land's demand letter to ASIC.[6]

- On May 5, 2015, having received no response from Sunbelt, Shaf-Land re-forwarded its demand letter to Sunbelt. Shaf-Land's May 5, 2015 communication is not the first claim made against Sunbelt for the damages at issue in this litigation; rather, Shaf-Land's May 5, 2015 email re-forwards to Sunbelt the original March 3, 2015 demand letter.[7]

- Sunbelt's corporate representative testifies that it is his recollection that he had a phone conversation with Wells Fargo regarding the May 5, 2015 communication;[8] however, Sunbelt has produced no documents to evidence this phone call.[9]

- Sunbelt admits that it did not direct Wells Fargo to report Shaf-Land's May 5, 2015 communication to ASIC.[10]

- Sunbelt admits that Sunbelt and Wells Fargo never had any communications about whether or not this claim should be reported to ASIC prior to October 2015 (which was after suit had already been filed against ASIC and Sunbelt).[11]

- Sunbelt admits that Wells Fargo will not report a claim with an insurer unless Sunbelt wants to file a claim.[12]

- Sunbelt admits that there may be circumstances under which Sunbelt may not want to report a claim to an insurer.[13]

- Sunbelt admits that it did not report Shaf-Land's May 5, 2015 communication to Wells Fargo in writing until October 2015.[14]

---

[4] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 32:7-36:21].
[5] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 41:7-12, 42:2-11].
[6] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 51:4-8].
[7] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, Exhibit 4].
[8] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 41:9-17].
[9] Wells Fargo has already testified that oral notice of a claim is not sufficient. Rec. Doc. 45-2 (at 88:7-9).
[10] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 49:19-21].
[11] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 53:22-54:2, 54:18-25].
[12] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 66:21-67:7, 68:8-69:3].
[13] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 67:9-13].
[14] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 39:14-40:20].

- Sunbelt admits that it did not report Shaf-Land's May 15, 2015 communication to ASIC.[15]

- Sunbelt admits that it has no evidence that any entity reported the substance of Shaf-Land's claims to ASIC prior to the initiation of this lawsuit.[16]

II. **Sunbelt's admissions refute Sunbelt's own theory that Wells Fargo received notice and that Wells Fargo has authority to accept notice of claims on behalf of ASIC.**

Sunbelt admits that Shaf-Land's claims against it were never reported to ASIC, prior to the initiation of this lawsuit. And Sunbelt's "theory" that it orally reported Shaf-Land's May 5, 2015 communication to Wells Fargo falls far short of satisfying the policy requirement that the claim "is first made against [Sunbelt] and reported to us [ASIC] in writing during the policy period…" The only evidence that Sunbelt has produced in support of its assertion that it timely reported the claim to Wells Fargo is the self-serving testimony of Sunbelt's CEO that he orally discussed Shaf-Land's May 5, 2015 communication with Wells Fargo. And, Wells Fargo has already testified that oral notice of a claim is insufficient.[17]

Even presuming that discussion took place, which is suspect to be sure, Sunbelt admits that Sunbelt never directed Wells Fargo to report the claim to ASIC. Sunbelt also admits that (1) Wells Fargo was not authorized to report a claim to ASIC unless Sunbelt requested the claim be reported; and (2) no entity reported the claim to ASIC, prior to the initiation of this lawsuit. By its own admissions, Sunbelt's theory of timely reporting is refuted.

III. **Wells Fargo has no authority to accept notice of claims on behalf of ASIC.**

In its status report to the Court regarding this discovery dispute [Rec. Doc. No. 63], Sunbelt seems to imply that because Wells Fargo earned a premium for the placement of

---

[15] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 28:1-29:19].
[16] Exhibit 4 [November 11, 2016 30(b)(6) Deposition of Sunbelt, 59:4-8, 107:19-21, 108:7-11].
[17] Rec. Doc. 45-2 (at 88:7-9).

3

coverage on behalf of Sunbelt, that Wells Fargo somehow has either direct or imputed authority to act on behalf of ASIC. This "theory" has been refuted by both Wells Fargo and by ASIC—Wells Fargo has no authority to act on behalf of ASIC either for the placement of coverage or for the acceptance of notice of claims.[18] Indeed, Sunbelt has already admitted that Wells Fargo was *its agent*; Wells Fargo was Sunbelt's Producer of Record. And, finally, Louisiana law recognizes that an agency relationship between a producer and an insurer is *only* established for the matter of collection of premiums. La. R.S. 22:1564. Absent a scintilla of evidence to support its theory, Sunbelt's fishing expedition must be denied.

IV.     **Conclusion**

Sunbelt's motion to compel is based on a two-prong theory of relevance: (1) that Wells Fargo received timely notice of the claim and (2) Wells Fargo had authority to accept notice of the claim on behalf of ASIC. Aside from the self-serving testimony of Sunbelt's corporate representative, there is **_no_** evidence that Sunbelt ever provided notice (oral or written) to Wells Fargo prior to October 2015. And even had Sunbelt provided oral notice, which is denied, Wells Fargo has already testified that oral notice to Wells Fargo is insufficient. Finally, Sunbelt itself admits that Wells Fargo is not authorized to report a claim to ASIC unless Sunbelt directs it to report the claim. Here, Sunbelt admits that it never directed Wells Fargo to report the claim to ASIC. Because Sunbelt's "theory" of relevance fails, so too must its motion to compel. Absent even a scintilla of evidence to support its relevance theory, Sunbelt should not be authorized to conduct a fishing expedition. ASIC therefore respectfully requests that Sunbelt's motion to compel be denied.

---

[18] Rec. Doc. No. 45-1 at Exhibits 2 and 3.

4

Respectfully Submitted,

/s/Alistair M. Ward

_____
ROBERT I. SIEGEL (LA #12063)
ALISTAIR M. WARD (LA #24693)
**Gieger, Laborde & Laperouse, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Defendant AIG Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 24th day of February, 2017, by e- filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/Alistair M. Ward

_____
ALISTAIR M. WARD

5