UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAF-LAND, LLC** | * | **CIVIL ACTION NO. 15-CV-588** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **SUNBELT CHEMICALS CORP. and** | * | **MAG. JUDGE ERIN** |
| **AIG SPECIALTY INS. CO.** | * | **WILDER-DOOMES** |
| | * | |

**************************************************************************

## <u>AIG SPECIALTY INSURANCE COMPANY'S MOTION FOR PARTIAL REVIEW OF MAGISTRATE'S RULING ON SUNBELT'S MOTION TO COMPEL</u>

**NOW INTO COURT**, through undersigned counsel, comes direct-action defendant, AIG Specialty Insurance Company ("ASIC"), and respectfully requests partial review of the Magistrate's Order (R. Doc. 69) granting in part Sunbelt Chemicals Corp.'s ("Sunbelt") Motion to Compel ASIC's Discovery Responses (R. Doc. 44). Sunbelt sought to compel three categories of documents: (1) ASIC's claims-handling history with respect to Sunbelt; (2) ASIC's relationship with the broker/producer of the policy, Wells Fargo Insurance Services USA, Inc. ("Wells Fargo"), and (3) ASIC's claims-handling history with other insureds. ASIC has agreed to provide responsive information and documents for discovery requests pertaining to the first two categories. However, ASIC seeks review from this Honorable Court as to the portion of the Magistrate's Order compelling ASIC to review *all* claims that it received from any insured under any policy over a year-long period, identify those claims implicating written reporting requirement similar to the one at issue here, analyze whether any of five specific conditions regarding notice are present, and if so provide for each such claim the manner in which notice was given and who received that notice.

As discussed in the accompanying Memorandum in Support, ASIC seeks review of this portion of the Order requiring ASIC to analyze and compile information from thousands of

completely unrelated claims for multiple reasons, including that the requested information from would have absolutely no legal relevance to this case given the undisputed facts, and that the amount of time and effort that will be needed to review and analyze every claim received by ASIC during this period and to compile the information requested is *considerable* and clearly not proportional to the needs of this case. As such, this Court should reverse the portion of the Magistrate's Order compelling analysis and compilation of information from thousands of entirely unrelated claims.

**WHEREFORE**, AIG Specialty Insurance Company respectfully requests that this Honorable Court reverse the Magistrate's Order compelling responses to Sunbelt's discovery requests concerning completely unrelated claims, which includes Requests for Admission Nos. 1-5 and the corresponding Interrogatories 2-6. In the alternative, ASIC requests that this Court narrow the scope of these requests and provide for additional time to respond. AIG Specialty Insurance Company further prays for all equitable relief as the nature of the case permits.

    Respectfully Submitted,

    /s/ Alistair M. Ward

    _____
    ROBERT I. SIEGEL (LA #12063)
    ALISTAIR M. WARD (LA #24693)
    **Gieger, Laborde & Laperouse, L.L.C.**
    701 Poydras Street, Suite 4800
    New Orleans, Louisiana 70139
    Telephone: (504) 561-0400
    Facsimile: (504) 561-1011
    *Counsel for Defendant AIG Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon all counsel of record this 22nd day of March, 2017, by e- filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

      /s/ Alistair M. Ward

      _____
      ALISTAIR M. WARD