UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAF-LAND, LLC** | * | **CIVIL ACTION NO. 15-CV-588** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **SUNBELT CHEMICALS CORP. and** | * | **MAG. JUDGE ERIN** |
| **AIG SPECIALTY INS. CO.** | * | **WILDER-DOOMES** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AIG SPECIALTY INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL REVIEW OF
MAGISTRATE'S RULING ON SUNBELT'S MOTION TO COMPEL**

ROBERT I. SIEGEL (LA #12063)
ALISTAIR M. WARD (LA #24693)
**Gieger, Laborde & Laperouse, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Defendant AIG Specialty Insurance Company*

i

# **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................2

SUMMARY OF ARGUMENT .........................................................................................5

LAW & ARGUMENT .......................................................................................................5

I. Standard for Review for Magistrate Orders on Discovery....................................5

II. The Purported Basis for Discovery Into Other Unrelated Claims Is To Assess Whether Oral Notice to Wells Fargo Can Satisfy the Claims-Made-And-Reported Requirements of the ASIC Policy ..........................................................6

III. It Is Undisputed that ASIC Did Not Receive Timely Notice of the Claim .........8

IV. There Is No Basis for Obtaining Information about Unrelated Claims to Address Wells Fargo's Authority to Accept Notice of Claims ...........................9

V. The Requests At Issue Are Directed At a Strawman Argument and Would Not Provide Relevant Information Given the Circumstances of this Case ..............11

VI. The Requests Are Not Proportional To the Needs of the Case .........................14

CONCLUSION ................................................................................................................16

# **TABLE OF AUTHORITIES**

Cases

*Anderson v. Ichinose*,
   98-2157 (La. 9/8/99), 760 So. 2d 302 ...................................................................................8

*Black v. SettlePou, P.C.*,
   732 F.3d 492 (5th Cir. 2013) .................................................................................................5

*Boulos v. Morrison*,
   503 So. 2d 1 (La. 1987) .......................................................................................................11

*Gorman v. City of Opelousas*,
   13-1734 (La. 7/1/14), 148 So.3d 888 .................................................................................6, 8

*Hood v. Cotter*,
   08-0215, 08-0237, p. 18 (La. 12/2/08); 5 So.3d 819, 830....................................................8

*Marine Power Holding, LLC v. Malibu Boats, LLC*,
   2016 WL 403650 (E.D.La. 1/11/2016) ...............................................................................17

*Resolution Trust Corp. v. Ayo,*
   31 F.3d 285 (5th Cir. 1994) (applying Louisiana law)........................................................9

*Trahan v. Bailey's Equip. Rentals, Inc.*,
   383 So. 2d 1072 (La. App. 3d Cir. 1980) .....................................................................10, 11

Rules

Fed. R. Civ. Proc. Rule 26 ......................................................................................................11, 14

Fed. R. Civ. Proc. Rule 72 ..............................................................................................................5

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL REVIEW OF MAGISTRATE'S RULING ON SUNBELT'S MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

Direct-action defendant, AIG Specialty Insurance Company ("ASIC"), respectfully submits this memorandum in support of its motion requesting partial review of the Magistrate's Order (R. Doc. 69) granting in part Sunbelt Chemicals Corp.'s ("Sunbelt") Motion to Compel ASIC's Discovery Responses (R. Doc. 44). Sunbelt sought to compel three categories of documents: (1) ASIC's claims-handling history with respect to Sunbelt; (2) ASIC's relationship with the broker/producer of the policy, Wells Fargo Insurance Services USA, Inc. ("Wells Fargo"), and (3) ASIC's claims-handling history with other insureds. ASIC has agreed to provide responsive information and documents for discovery requests pertaining to the first two categories.[1] However, ASIC seeks review from this Honorable Court as to the portion of the Magistrate's Order compelling ASIC to review *all* claims that it received from any insured under any policy over a year-long period, identify those claims implicating written reporting requirement similar to the one at issue here, analyze whether any of five specific conditions regarding notice are present, and if so provide for each such claim the manner in which notice was given and who received that notice.[2]

ASIC opposes the order to compile and produce information from thousands of completely unrelated claims for multiple reasons. First, the requested information from unrelated claims would have absolutely no legal relevance to this case given the undisputed facts that: (1) ASIC did not receive timely notice of the claim in any manner from any entity and (2) Wells Fargo had no authority to accept notice of claims. The amount of time and effort that will be needed to review and analyze every claim received by ASIC during this period and to compile the information

---

[1] Sunbelt's claim history is the subject of Interrogatory No. 7 and Request for Production Nos. 3, 7, 8 (R. Doc. 44-1 at 9), ASIC's relationship with Wells Fargo is the subject of Interrogatory No. 1 and Request for Production No. 1.

[2] *See* R. Doc. 69 at 22. ASIC's handling of other claims is the subject of Requests for Admission Nos. 1-5 and corresponding Interrogatories Nos. 2-6.

requested is *considerable*. Moreover, the efforts to compile this information would only be the beginning because the information sought would have no discernible meaning absent a detailed analysis of the context of each claim. The exponential expansion of discovery into thousands of unrelated claims will not lead to admissible evidence and is clearly not proportional to the needs of this case. This Court should reverse the portion of the Magistrate's Order compelling these responses.

## BACKGROUND

This dispute stems from a lawsuit filed by Shaf-Land, LLC ("Shaf-Land") originally filed in West Baton Rouge Parish and removed to this Honorable Court. Shaf-Land claims that, during the term of a lease between itself and Sunbelt, Sunbelt's operations caused damage to the leased premises, including the roof, walls and structural support of one building, and that Sunbelt dumped chemicals on the property.[3] Shaf-Land first made a demand against Sunbelt for property damage and/or clean-up costs against Sunbelt on or about March 3, 2015.[4] ASIC did not receive notice of this claim during the policy period or during the extended reporting period, as required by the policy.[5] Rather, ASIC's first notice of Shaf-Land's claims against its insured was when it was served with the instant lawsuit on or about August 4, 2015.[6]

ASIC has raised a number of defenses to coverage that are the subject of a Motion for Summary Judgment that is pending resubmission to this Court.[7] Among the defenses raised is that Sunbelt did not satisfy the claims-made-and-reported requirements of certain coverage parts wherein coverage is only available for claims first made against the insured and reported to ASIC in

---

[3] Petition for Damages and Breach of Contract at ¶ 4 (R. Doc. 1-2).
[4] *See* Sunbelt's April 19, 2016 Discovery Responses (R. Doc. 17-4).
[5] *See* ASIC's Motion for Summary Judgment at 11-12 (R. Doc 17-1); Affidavit of Margaret Connell (R. Doc. 17-5).
[6] Affidavit of Margaret Connell (R. Doc. 17-5).
[7] R. Doc. 17.

writing during the policy period or extended reporting period if applicable.[8]  It is undisputed that ASIC did not receive timely notice of this claim from Sunbelt or from any other source.[9]  ASIC contends that these facts alone preclude a finding of coverage under the policy subparts at issue.

Sunbelt has argued that notice was provided orally to Wells Fargo, the producer of the Policy.  However, Wells Fargo has produced its entire file related to Sunbelt and no records support this contention.  Moreover, it is undisputed that Wells Fargo did not report the claim to ASIC on Sunbelt's behalf.  Further, it is undisputed that Wells Fargo, as the broker of Sunbelt's choosing, had no actual or implicit authority to act on ASIC's behalf or to accept notice of claims on ASIC's behalf.[10]

Regardless, Sunbelt goes on to posit that oral notice to its agent, Wells Fargo, should be construed as satisfying the requirement that written notice of the claim must be provided to ASIC.  Based on this theory, Sunbelt seeks discovery concerning communications between Wells Fargo and ASIC, the relationship between Wells Fargo and ASIC, as well as "different ways in which ASIC has accepted notice of claims in the past."[11]  With the exception of the requests that are the subject of this Motion, Sunbelt has been provided with the responsive documents and information available, all of which directly contradict this theory.  In fact, the recently produced Commission Agreement between Wells Fargo and ASIC further confirms what was already undisputed: that Wells Fargo was an independent contractor acting solely on behalf of its clients to procure insurance products from ASIC.[12]

---

[8]  *See* Memorandum in Support of Motion for Summary Judgment (R. Doc. 17-1 at 10-13).
[9]  Affidavit of Margaret Connell (R. Doc. 17-5).
[10] *See* 30(b)(6) Deposition of Wells Fargo Insurance Services USA, at 86:16-87:21 (R. Doc. 45-1 at 21-22); Affidavit of Bruce Davidson (R. Doc. 45-1 at 35-36).
[11] Sunbelt's Motion to Compel (R. Doc. 44-1 at 5-6).
[12] 2014 Supplemental Commission Agreement, attached as Exhibit 1.

The subject of this Motion are the discovery requests from Sunbelt, narrowed by the Magistrate's Order, demanding that ASIC review all claims made against it over a year-long period by any insured under any policy with a similar written reporting requirement for claims and compile a list of "the manner in which notice was provided, including how and to whom it was provided" anytime one of the following conditions is true: (1) ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to ASIC by a producer, agent, or broker rather than the insured; (2) ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to ASIC by a party making a claim against ASIC rather than ASIC's insured; (3) ASIC accepted notice on a claims-made-and-reported policy when that notice was made orally; (4) ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to Wells Fargo rather than ASIC; or when (5) ASIC's insured had a policy that included form 103124 (11/13) CI5342 and ASIC accepted notice under Coverage D when that notice was not sent to the designated address.[13]  The Magistrate explained the basis for allowing this discovery regarding these unrelated claims as follows:

> Although the parties dispute whether Wells Fargo received notice of Shaf-Land's claim against Sunbelt and whether Wells Fargo served as ASIC's agent for receipt of notice of claims, the Court finds that some of the information and documents sought by Sunbelt's discovery requests are directly relevant to that issue, which is the heart of this litigation.[14]

ASIC was given fourteen (14) days to review and assess thousands of claims and attempt to compile this information.[15]

---

[13]   See Magistrate's Order (R. Doc. 69 at 3, 13-17).
[14]   Magistrate's Order (R. Doc. 69 at 17).
[15]   Magistrate's Order (R. Doc. 69 at 21-22).

4

**SUMMARY OF ARGUMENT**

ASIC opposes the order to compile and produce information from thousands of completely unrelated claims for multiple reasons. First, the requested information from unrelated claims would have absolutely no legal relevance to this case given the undisputed facts that: (1) ASIC did not receive timely notice of the claim in any manner from any party and (2) Wells Fargo had no authority to accept notice of claims on behalf of ASIC. Moreover, the amount of time and effort that will be needed to review and analyze every claim received by ASIC during this period and to compile the information requested is *considerable*, and the fourteen day timeline to compile this information suggests that the number of claims and the complexity of analyzing each claim to determine whether one of the conditions was met were never considered. The exponential expansion of discovery into thousands of unrelated claims will not lead to admissible evidence and is clearly not proportionate to the needs of this case. This Court should reverse the portion of the Magistrate's Order compelling this discovery.

**LAW & ARGUMENT**

**I.     Standard for Review for Magistrate Orders on Discovery**

A district judge must consider timely objections and modify or set aside any part of a Magistrate's discovery order that is clearly erroneous or is contrary to law. FED. R. CIV. PROC. Rule 72. "Clear error exists when ... the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Black v. SettlePou, P.C.,* 732 F.3d 492, 496 (5th Cir. 2013). Here, the Magistrate's finding that ASIC must expend significant resources to compile a list of ultimately meaningless and irrelevant information is clearly erroneous under the standards that govern discovery.

II.     **The Purported Basis for Discovery Into Other Unrelated Claims Is To Assess Whether Oral Notice to Wells Fargo Can Satisfy the Claims-Made-And-Reported Requirements of the ASIC Policy**

As Sunbelt correctly explains in its motion, coverage is only implicated under the ASIC Policies, if at all, if a claim is first made against Sunbelt and reported to ASIC in writing during the policy period.[16] Sunbelt has already admitted that it first received notice of Shaf-Land's claims against it on March 3, 2015;[17] accordingly, the claim should have been reported in writing to ASIC during the 2014-2015 policy period. However, no entity—not Wells Fargo nor Sunbelt—ever reported the claim to ASIC during the policy period—or at any time prior to the institution of this suit against ASIC.[18] Sunbelt also failed to advise ASIC of Shaf-Land's claims against it when it signed its application for insurance on April 2, 2015—nearly a month after it received notice of Shaf-Land's claims against it.[19]

Instead of acknowledging that the claims-made-and-reported requirements were not satisfied, Sunbelt asks the Court to allow it to conduct a fishing expedition under its invented theory of the case. Sunbelt supports its motion to compel with a two-pronged theory of relevance: (1) that its agent, Wells Fargo, received oral notice of the claim; and (2) that Wells Fargo was authorized to receive notice on behalf of ASIC, such that notice to Wells Fargo constitutes notice to ASIC.[20]

---

[16] *See* R. Doc. 17-7 and 17-8. Such claims-made-and-reported provisions have been enforced by the Louisiana Supreme Court. *Gorman v. City of Opelousas*, 13-1734 (La. 7/1/14), 148 So.3d 888.

[17] *See* Sunbelt's 4/19/16 Discovery Responses (R. Doc. 17-4).

[18] *See* 30(b)(6) Deposition of Wells Fargo Insurance Services USA, at 191:4-13 (R. Doc. 45-1 at 33); *see also* Affidavit of Margaret Connell (R. Doc. 17-5).

[19] *See* Sunbelt Environmental and General Liability Application 4/2/15 (R. Doc. 45-1 at 1).

[20] During the November 11, 2016 30(b)(6) deposition of Sunbelt, Sunbelt's corporate representative testified that he thinks he may have raised Shaf-Land's claim sometime in the spring of 2015 during a telephone conference with WFIS while the two entities were discussing the renewal of Sunbelt's insurance policy. Sunbelt has no evidence that it provided such oral notice of Shaf-Land's claim; and indeed, WFIS has already testified that oral notice of a claim is not sufficient. *See* 11/3/2016 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 88:7-9 (R. Doc. 45-2 at 23). Sunbelt has no evidence that it ever provided written notice to either WFIS or to ASIC. Furthermore, Sunbelt has no evidence to dispute that WFIS never reported the claim to ASIC; nor does Sunbelt have any evidence to dispute that ASIC first became aware of Shaf-Land's claim when ASIC was served with this lawsuit. *See* R. Doc. 70.

6

In the discovery requests at issue, Sunbelt seeks the production of information regarding how ASIC has accepted notice of claims in the past under policies issued by ASIC to *any* insured.[21] In its motion, Sunbelt argues that it needs to "discover additional information about the relationship between Wells Fargo and ASIC, and whether ASIC has a history of accepting claims submitted to Wells Fargo." Notably, and has ASIC has already attested to—Wells Fargo had no authority to act on behalf of ASIC with regard to the placement of coverage or with regard to claims; and accordingly, no documents evidencing any such authority exist. Sunbelt has been provided with Wells Fargo's entire file with regard to Sunbelt and Sunbelt's claim history. Nothing discovered to date reveals even an indicia that Wells Fargo was authorized to act on behalf of ASIC for any purpose—and certainly not for accepting notice of claims. The only document evidencing a "relationship" between ASIC and Wells Fargo is the 2014 Commission Agreement, which explicitly states that, with regard to ASIC, Wells Fargo is an independent broker/producer. All that remains at issue are the requests that ASIC review all claims it has received from *any* insured under any policy and compile information about how notice was provided in those claims that were made under policies with similar claims-made-and-reported requirements.

The Magistrate found that the requested information from other claims could be relevant to address "whether Wells Fargo received notice of Shaf-Land's claim against Sunbelt and whether Wells Fargo served as ASIC's agent for receipt of notice of claims."[22] No other basis for compelling responses to these requests is offered. It should go without saying that information from unrelated claims has no relevance to the factual question of whether Wells Fargo received notice of Shaf-Land's claim against Sunbelt. Thus, the only basis offered for requiring an extensive review and analysis of thousands of unrelated claims is a purported dispute over whether Wells Fargo

---

[21] *See* Sunbelt's Request for Admission Nos. 1-5 and corresponding Interrogatory Nos. 2-6 (R. Doc. 44-2).
[22] Magistrate's Order (R. Doc. 69 at 17).

7

served as ASIC's agent for receipt of notice of claims. As shown below, the Magistrate clearly erred in finding that the requested information about unrelated claims could produce any evidence relevant to this matter, and in failing to consider the burden of the request and proportionality to this case.

**III.     It Is Undisputed that ASIC Did Not Receive Timely Notice of the Claim**

ASIC maintains that even if Sunbelt discussed this claim with Wells Fargo as alleged, there is still no question that the claims-made-and-reported provision of the ASIC policy was not met. Claims-made-and-reported requirements are enforceable under Louisiana law. *See Hood v. Cotter*, 08-0215, 08-0237, p. 18 (La. 12/2/08); 5 So.3d 819, 830 (addressing the "event that triggered policy coverage," that is, "a claim being first made and reported during the policy period"). As recently addressed by the Louisiana Supreme Court, claims-made-and-reported requirements are valid limitations on coverage, and are effective against both the purported insured and direct-action plaintiffs asserting a right to recover against a liability policy. *See Gorman v. City of Opelousas*, 2013-1734 (La. 7/1/14). Under this type of claims-made-and-reported coverage, the bargained for agreement between the parties is that the *insured* bears the risk of a claim incurred but not made, as well as a claim made but not reported. *Anderson v. Ichinose*, 98-2157 (La. 9/8/99), 760 So. 2d 302, 306. "The purpose of the reporting requirement [in a claims-made policy] is to define the scope of coverage [purchased by the insured] by providing a certain date after which an insurer knows it is no longer liable under the policy." *Resolution Trust Corp. v. Ayo,* 31 F.3d 285, 289 (5th Cir. 1994) (applying Louisiana law). Once the policy period and reporting period expire, the insurer can "close its books" on that policy. *See id.*

Here, it is undisputed that ASIC did not receive *any* notice of the claim during the policy period. This fact alone is dispositive of whether the claims-made-and-reported requirements were met, rendering the discovery requests at issue moot under any theory.

8

IV.     **There Is No Basis for Obtaining Information about Unrelated Claims to Address Wells Fargo's Authority to Accept Notice of Claims**

Sunbelt has premised the requested discovery on the premise that it may have discussed the claim orally with Wells Fargo. However, it is undisputed that Wells Fargo did not have actual or implicit authority to accept notice of claims under the ASIC policy.[23] This fact has only been further reinforced by the discovery Sunbelt has recently sought which confirms Wells Fargo was an independent contractor with regard to ASIC acting solely as a broker/producer of the policies and was at all times representing the interests of its client, Sunbelt.[24] The Commission Agreement between AIG and Wells Fargo provides that Wells Fargo is authorized only "to introduce submissions to AIG for AIG's determination to underwrite and issue" certain insurance products.[25] The Commission Agreement goes on to explicitly state that "[t]he parties agree that WFIS [Wells Fargo] is and shall at all times be acting as an independent contractor with respect to the business produced under this Agreement and shall at all times represent the interest of its clients and act as independent producer/broker."[26] Wells Fargo's status as Sunbelt's agent and lack of actual authority to accept notice of claims on behalf of ASIC is not in dispute.

Sunbelt has argued that it may have verbally discussed the claim with Wells Fargo and that "apparent authority" to accept notice of claims may be present.[27] Wells Fargo has denied that it received notice from Sunbelt.[28] Moreover, Sunbelt admits that Wells Fargo will not report a claim with an insurer unless Sunbelt wants to file a claim.[29] Sunbelt also admits that it did not direct

---

[23] *See* 30(b)(6) Deposition of Wells Fargo Insurance Services USA, at 86:16-87:21 (R. Doc. 45-1 at 21-22); Affidavit of Bruce Davidson (R. Doc. 45-1 at 35-36).
[24] *See* Supplemental Commission Agreement (Ex. 1).
[25] *See* Supplemental Commission Agreement at p. 1 (Ex. 1)
[26] *See* Supplemental Commission Agreement at ¶ 4 (Ex. 1).
[27] *See* R. Doc. 58 at 2-3; *see also* R. Doc. 68.
[28] *See* 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 30:19-33:21, 78:15-80:7, 82:15-18, 154:24-155:6, 171:13-14, 172:2-9, 188:4-11, 190:8-12 (R. Doc. 45-1 at 12-34)..
[29] *See* 30(b)(6) Deposition of Sunbelt, 66:21-67:7, 68:8-69:3 (R. Doc. 67-1).

9

Wells Fargo to report Shaf-Land's May 5, 2015 demand to ASIC.[30] Further, Sunbelt's own claims history under the ASIC policies demonstrates that every prior claim was made in writing to ASIC.[31] The evidence overwhelmingly demonstrates that Sunbelt did not reasonably believe that its alleged discussion with Wells Fargo constituted notice to ASIC pursuant to the requirements of the Policy. Moreover, if Wells Fargo led Sunbelt to believe that oral notice to Wells Fargo alone was sufficient to satisfy the requirements of the ASIC Policy, then Sunbelt has a claim against Wells Fargo, not ASIC.

It is important to note that Wells Fargo is Sunbelt's broker of choice and acts as Sunbelt's agent to procure insurance coverage from ASIC. *See Trahan v. Bailey's Equip. Rentals, Inc.*, 383 So. 2d 1072, 1076 (La. App. 3d Cir. 1980) (explaining insurance agent is acting on behalf of client to procure insurance coverage on their behalf). It is undisputed that Wells Fargo is not ASIC's agent and has no authority to act on ASIC's behalf regarding underwriting or claims.[32] Even if Sunbelt actually did report the claim to Wells Fargo to be submitted under the policy—which is not supported by any evidence—that would still have no impact on coverage under the Policy, which requires that claims are timely reported to *ASIC*. In short, even if Sunbelt's allegations on this issue are accepted true, that would mean it has an action against its own agent, Wells Fargo, for failing to report the claim to ASIC; not a claim for coverage under the ASIC Policy. *See generally id.* (explaining that a client has a cause of action against insurance agent for failure to procure expected coverage).

Also relevant to this Motion, Sunbelt has never articulated how the requests for information about completely unrelated claims from other insureds could have any bearing on the question of

---

[30] *See* 30(b)(6) Deposition of Sunbelt, 49:19-21 (R. Doc. 67-1).
[31] Sunbelt's claims history has been produced by ASIC with its Supplemental Discovery Responses, the written portion of which is attached as Exhibit 2.
[32] Affidavit of Bruce Davidson (R. Doc. 45-1 at 35-36); 30(b)(6) Deposition of Wells Fargo Insurance Services USA, at 86:16-87:21 (R. Doc. 45-1 at 21-22); Commission Agreement at ¶ 4 (Ex. 1).

Wells Fargo's "apparent" authority to accept notice. To apply here, the doctrine of apparent authority would depend on Sunbelt's reasonable reliance on its subjective belief (caused by the actions of ASIC) that Wells Fargo had authority to accept notice of claims on behalf of ASIC. *See Boulos v. Morrison*, 503 So. 2d 1, 3 (La. 1987). Inherent to the application of this doctrine is the subjective belief of Sunbelt at the time, and there has been no explanation by Sunbelt or the Magistrate as to how actions taken on other claims completely unknown to Sunbelt could be relevant to this inquiry. If Sunbelt has no knowledge of how ASIC received notice of claims made by other insureds under other policies, how can such claims handling create a subjective understanding on the part of Sunbelt?

The reality is that all discovery needed to address both the actual and apparent authority of Wells Fargo to accept notice of claims on behalf of ASIC has been obtained, and there is no basis for extensive discovery into other unrelated claims on this purported basis. The court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery … can be obtained from some other source that is more convenient, less burdensome or less expensive." F.R.C.P. 26(b)(C). In these circumstances, it was clear error for the Magistrate to order discovery concerning thousands of unrelated claims on the purported basis that it would address whether Wells Fargo had authority to accept notice of Sunbelt's claim under the ASIC Policies issued to Sunbelt.

**V.     The Requests At Issue Are Directed At a Strawman and Would Not Provide Relevant Information Given the Circumstances of this Case**

As discussed above, the Magistrate's Order provides just a single basis for compelling discovery regarding other unrelated claims: to address the question of whether Wells Fargo had authority to receive notice of claims on behalf of ASIC. Sunbelt has argued that it needs this information regarding other claims because "[t]hat discovery is designed to defend against an

11

argument by ASIC that notice must be received through written notice, directly from Sunbelt, to the person specified in the policy."[33] The very basis of these requests is a strawman because ASIC has never taken the position that written notice must have come *directly* from Sunbelt. As shown below, it is clear that the information requested has no possible relevance to this matter given the facts that are not in dispute.

Request (1) requires ASIC to provide the manner and to whom notice was provided for each claim where ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to ASIC by a producer, agent, or broker rather than the insured. It is undisputed that ASIC was not provided timely notice of this claim by *anyone*, let alone the producer, Wells Fargo.[34] As such, whether ASIC has ever accepted notice of a claim from a producer, agent, or broker rather than the insured directly is entirely irrelevant to any issue in this case. Further, ASIC has never taken the position that notice must be provided by the insured. Rather, the ASIC Policies provide that "the claim for … property damage or clean-up costs is first made against the insured and reported to us in writing during the policy period or any extended reporting period if applicable ." Accordingly, whether ASIC has accepted notice from a producer, an agent or a broker is wholly irrelevant.

Request (2) requires ASIC to provide the manner and to whom notice was provided for each claim where ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to ASIC by a party making a claim against ASIC rather than ASIC's insured. Again, there is no evidence whatsoever that *any* party provided timely notice of this claim to ASIC. As such, whether ASIC has ever accepted notice of a claim made by a third party directly is entirely irrelevant to any issue in this case. And again, ASIC has never taken the position that notice must

---

[33] R. Doc. 58 at 4.
[34] *See* 30(b)(6) Deposition of Wells Fargo Insurance Services USA, at 191:4-13 (R. Doc. 45-1 at 33); *see also* Affidavit of Margaret Connell (R. Doc. 17-5).

12

be made by the insured. The policies require that "the claim for … property damage or clean-up costs is first made against the insured and reported to us in writing during the policy period or any extended reporting period if applicable."

Request (3) requires ASIC to provide the manner and to whom notice was provided for each claim where ASIC accepted notice on a claims-made-and-reported policy when that notice was made orally. Again, there is no evidence whatsoever that any party provided timely oral notice of this claim to ASIC. As such, whether ASIC has ever accepted notice of a claim made orally is entirely irrelevant to any issue in this case.

Request (4) requires ASIC to provide the manner and to whom notice was provided for each claim where ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to Wells Fargo rather than ASIC. As is addressed above, Wells Fargo undisputedly lacks authority to accept notice of claims or otherwise handle claims on behalf of ASIC. As such, ASIC can categorically deny any instances in which a claim was accepted under claims-made-and-reported coverage based on notice only to Wells Fargo and not to ASIC, and has supplemented its discovery responses accordingly.

Request (5) requires ASIC to provide the manner and to whom notice was provided for each claim where ASIC's insured had a policy that included Form 103124 (11/13) CI5342 and where ASIC accepted notice under Coverage D when that notice was not sent to the designated address. Again, there is no evidence whatsoever that notice of this claim was sent to ASIC at *any* address. As such, whether ASIC has ever accepted notice of a claim sent to it through an address other than the specifically designated address is entirely irrelevant to any issue in this case.

In short, given the undisputed facts in this case, which include the fact that ASIC did not timely receive any notice of this claim from any party, and that Wells Fargo had no authority to

13

accept notice of claims on behalf of ASIC, the requests at issue do not seek evidence reasonably related to any relevant issues in this matter. This case is not, as Sunbelt attempts to suggest, about imperfect notice; rather, this case is about the complete absence of notice.

**VI.     The Requests Are Not Proportional To the Needs of the Case**

The extremely broad discovery requests for information about thousands of other unrelated claims are plainly not proportional to the needs of the case considering the lack of relevance to the question of whether Sunbelt complied with the claims-made-and-reported requirements. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery … can be obtained from some other source that is more convenient, less burdensome or less expensive." F.R.C.P. 26(b)(C). The court may also protect a party from "annoyance" or "undue burden or expense." F.R.C.P. 26(c)(1).

The Magistrate has ordered ASIC to review and analyze *all* claims that it received from any insured under any policy over a year-long period to identify those claims involving a policy with a reporting requirement similar to the one at issue here and compile a list included the with the manner in which notice of the claim was given and who received that notice for any claim that satisfies one of the following conditions: (1) ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to ASIC by a producer, agent, or broker rather than the insured; (2) ASIC accepted notice on a claims-made-and-reported policy when that notice was

14

provided to ASIC by a party making a claim against ASIC rather than ASIC's insured; (3) ASIC accepted notice on a claims-made-and-reported policy when that notice was made orally; (4) ASIC accepted notice on a claims-made-and-reported policy when that notice was provided to Wells Fargo rather than ASIC; or when (5) ASIC's insured had a policy that included form 103124 (11/13) CI5342 and ASIC accepted notice under Coverage D when that notice was not sent to the designated address.[35]

The information requested will take an enormous effort to compile that is clearly not proportionate to the needs of this case. This is not a simple a matter of searching a database or running a report to analyze readily available information. To compile the requested information ASIC will be required to review thousands of claim files completely unrelated to this matter and determine whether any of the five different conditions regarding notice were met. Even if the time period is limited to one year, approximately 2,500 Environmental Specialty Claims alone were made on ASIC policies during this time period,[36] and it is unclear how many thousands of other claims would be implicated by this Order.

Given the nature of the requests the process for compiling this information will necessarily require manual review of each claim. For each claim ASIC will have to assess the nature of the claim and whether it was accepted under a coverage part that included the claims-made-and-reported requirement at issue. Then, for each such claim, it will have to determine from a review of the file: (1) how notice was provided; (2) who provided the notice and what was their status (e.g., insured, additional insured, broker, agent, claimant, etc); (3) who that notice was provided to and what was their status (e.g., ASIC/AIG, authorized third-party administrator, broker, etc); and (4)

---

[35] See Magistrate's Order (R. Doc. 69 at 3, 13-17).
[36] See Affidavit of Bruce Davidson (R. Doc. 45-1 at 35).

15

whether the claim was specifically accepted under form 103124 (11/13) CI5342 form and whether written notice was sent to a designated address.

It should also be concerning to note that the information ordered to be produced will have absolutely no meaning without additional information from each claim. This would include at the minimum: (1) when the claim was made; (2) whether the notice was timely under the Policy; (3) whether an extended reporting period applied; (4) whether subsequent notices were provided in a different manner that may have cured an improper initial notice; and (5) whether ASIC received actual notice of the claim during the policy period or extended reporting period. Moreover, to actually make any comparison of one of these claims to the present situation would undoubtedly require even more discovery to assess the context of that claim.

The unprecedented request to have ASIC review and analyze all other claims it has received to compile detailed information for this litigation is not just unduly burdensome—it is an exponential expansion of the scope of discovery without even a plausible explanation for how this information could lead to relevant evidence. As the courts have recognized, "the legal tenant that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Marine Power Holding, LLC v. Malibu Boats, LLC*, 2016 WL 403650 (E.D.La. 1/11/2016)(finding plaintiff's theory speculative, the court denied plaintiff's motion to compel, finding that it was more akin to a fishing expedition than an actual need for information).

## **CONCLUSION**

The rules of discovery are designed to limit the types of vexatious and unduly burdensome discovery requests at issue. These requests would require considerable resources and time to compile and no explanation as even been posited as to how this information could lead to admissible evidence given the undisputed facts in this matter. The Magistrate's Order in this

16

respect is clear error under the rules that govern discovery. AIG Specialty Insurance Company therefore respectfully requests that this Honorable Court reverse the Magistrate's Order compelling responses to these discovery requests for information from other unrelated claims. In the alternative, ASIC requests that this Court narrow the scope of these requests and provide for additional time to respond.

Respectfully Submitted,

/s/ Alistair M. Ward

_____
ROBERT I. SIEGEL (LA #12063)
ALISTAIR M. WARD (LA #24693)
**Gieger, Laborde & Laperouse, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Defendant AIG Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 22nd day of March, 2017, by e- filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/ Alistair M. Ward

_____
ALISTAIR M. WARD