## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAF-LAND, LLC** | * | **CIVIL ACTION NO. 15-CV-588** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| **SUNBELT CHEMICALS CORP. and** | * | **MAG. JUDGE ERIN** |
| **AIG SPECIALTY INS. CO.** | * | **WILDER-DOOMES** |
| | * | |

*************************************************************************

**AIG SPECIALTY INSURANCE COMPANY'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR PARTIAL
REVIEW OF MAGISTRATE'S RULING ON SUNBELT'S MOTION TO COMPEL**

ROBERT I. SIEGEL (LA #12063)
ALISTAIR M. WARD (LA #24693)
**Gieger, Laborde & Laperouse, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Defendant AIG Specialty Insurance Company*

i

**Table of Contents**

I.  Sunbelt Misconstrues the Applicable Standard of Review ................................................... 2

II. Neither Sunbelt nor the Magistrate Offer Any Explanation for How the Requested Information Could Be Relevant Here..................................................................................... 3

III. Sunbelt Makes No Attempt to Justify What Amounts to An Extremely Burdensome Request that Will Produce Meaningless Information .......................................................... 4

# **TABLE OF AUTHORITIES**

Cases

*Berger v. Iron Workers Reinforced Rodmen Local 201,*

   843 F.2d 1395 (D.C.Cir.1988) ................................................................................................2

*Boulos v. Morrison*,

   503 So. 2d 1 (La. 1987)............................................................................................................4

*Holland v. Island Creek Corp.*,

   885 F. Supp. 4 (D.D.C. 1995) ..................................................................................................2

*Lopez v. Current Dir. of Texas Econ. Dev. Commn.*,

   807 F.2d 430 (5th Cir. 1987).....................................................................................................2

*Smith v. Smith*,

   154 F.R.D. 661 (N.D. Tex. 1994) ............................................................................................2

MAY IT PLEASE THE COURT:

AIG Specialty Insurance Company ("ASIC"), respectfully submits this Reply Memorandum addressing arguments presented by Sunbelt Chemicals Corp. ("Sunbelt") in its Memorandum in Opposition to Motion for Partial Review of Magistrate Judge's Ruling on Motion to Compel (R. Doc. 86).

Sunbelt has again completely failed to address the glaring substantive question here: how the requested information from thousands of entirely unrelated claims involving other, non-party insureds can possibly lead to relevant evidence in this litigation. The evidence and testimony adduced shows that: (1) ASIC did not receive timely notice of Shaf-Land's claims by any means and (2) Wells Fargo had no actual authority to accept notice of claims on behalf of ASIC. Absolutely no factual questions are raised to dispute either of these points. Sunbelt's sole argument is that it believed Wells Fargo had apparent authority to accept notice of claims on behalf of ASIC. While this "apparent authority" argument does not survive scrutiny, the glaring omission from Sunbelt's opposition—and the Magistrate's ruling—is any attempt to explain how the requested information from unrelated claims involving other insureds *entirely unknown to Sunbelt* can bear on the question of apparent authority—i.e., *whether ASIC's actions caused Sunbelt to reasonably believe Wells Fargo had authority to accept notice of claims on ASIC's behalf.* Sunbelt's request that ASIC analyze and compile information from thousands of other claims is a vexatious fishing expedition intended to delay adjudication of coverage for what is clearly an uncovered claim, and it was clear error for the Magistrate to order this information to be compiled and produced in this litigation.

I.  **Sunbelt Misconstrues the Applicable Standard of Review**

Sunbelt argues that under the clearly erroneous standard "extreme deference" should be given to the ruling at issue in the Magistrate's Order.[1]  However, deference under the clearly erroneous standard only applies to factual findings, not to legal conclusions.[2]  Moreover, the Fifth Circuit has explained that the clearly erroneous standard and associated deference do not apply when the underlying court provides only a conclusory finding.[3]  "Only if the district court specifies which evidence it adopted and which evidence it rejected in making its finding can we properly and effectively apply the clearly erroneous standard."[4]

Here, as discussed below, the question of relevance rests on a legal determination that must be addressed *de novo*.  Even if this Court were to find that the Magistrate's determination of relevance was in part a finding a fact, no greater deference should be applied under the clearly erroneous standard because the Magistrate's Order on this point was nothing more than a conclusory statement made in a single sentence.[5]  As the Fifth Circuit explained, application of the clearly erroneous standard *requires* that the finding at issue be supported by specifically identified evidence.[6]  When a Magistrate's "decision under review does not offer a reasoned explanation for its decision, and merely adopts one party's arguments in their entirety, it is incumbent on the Court to check the adopted findings against the record with particular, even painstaking, care."[7]  Absolutely no explanation—beyond reciting the arguments of the parties in the beginning of the

---

[1] R. Doc. 86 at 9.
[2] *See Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994).
[3] *Lopez v. Current Dir. of Texas Econ. Dev. Commn.*, 807 F.2d 430, 434 (5th Cir. 1987).
[4] *Lopez v. Current Dir. of Texas Econ. Dev. Commn.*, 807 F.2d 430, 434 (5th Cir. 1987).
[5] "Although the parties dispute whether Wells Fargo received notice of Shaf-Land's claim against Sunbelt and whether Wells Fargo served as ASIC's agent for receipt of notice of claims, the Court finds that some of the information and documents sought by Sunbelt's discovery requests are directly relevant to that issue, which is the heart of this litigation." Magistrate's Order (R. Doc. 69 at 17).
[6] *Lopez v. Current Dir. of Texas Econ. Dev. Commn.*, 807 F.2d 430, 434 (5th Cir. 1987).
[7] *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995) (quoting *Berger v. Iron Workers Reinforced Rodmen Local 201,* 843 F.2d 1395, 1408 (D.C.Cir.1988)).

Order—is offered for the Magistrate's decision regarding the relevance of the information sought. As such, no deference can be given to the Magistrate's Order on this point.

## II.     Neither Sunbelt nor the Magistrate Offer Any Explanation for How the Requested Information Could Be Relevant Here

Sunbelt continues to argue that the information it is requesting concerning thousands of entirely unrelated claims by non-party insureds might be relevant to establish that Wells Fargo acted as ASIC's "agent" for the purpose of receiving notice of claims. The Magistrate relied on Sunbelt's argument when she concluded that the requested information may be relevant because there is purportedly a dispute over "whether Wells Fargo served as ASIC's agent for receipt of notice of claims."[8] Relying on this alleged dispute over "agency" as the basis for compelling the requested discovery was legal error under these circumstances.

It is undisputed that: (1) ASIC did not receive timely notice of Shaf-Land's claims by *any* means[9] and (2) Wells Fargo had no *actual* authority to accept notice of claims on behalf of ASIC. Sunbelt has requested and received all relevant documents from both Wells Fargo and ASIC that pertain to Sunbelt directly or pertain to the relationship between Wells Fargo and ASIC. Both Wells Fargo and ASIC have also testified or attested that no such "agency" or "authority" regarding the handling of claims by Wells Fargo existed.[10] Absolutely no factual questions are raised on either of these points. Sunbelt's sole argument is that it may have discussed Shaf-Land's claim with Wells Fargo and believed this was enough to put ASIC "on notice" of the claim.[11] While this theory that Wells Fargo had "apparent" authority to accept notice of claims on behalf of ASIC does

---

[8] Magistrate's Order (R. Doc. 69 at 17).
[9] *See* Affidavit of Margaret Connell (R.Doc. 17-5); 30(b)(6) Deposition of Wells Fargo Insurance Services USA,, 191:4-13 (R.Doc.45-1 at 33); 30(b)(6) Deposition of Sunbelt, 28:1-29:19, 49:19-21, 51:4-8, 59:4-8, 107:19-21, 108:7-11 (R.Doc. 70-1at 1-3, 13-14, 17, 22-23).
[10] *See* 30(b)(6) Deposition of Wells Fargo Insurance Services USA, 86:16-89:4 (R. Doc. 45-1 at 21-24); Affidavit of Bruce Davidson (R. Doc. 45-1 at 35-36).
[11] Of course, Sunbelt's "theory" of the case is directly refuted by the testimony of Sunbelt's corporate representative, who knew that notice to Wells Fargo was not sufficient. *See* 30(b)(6) Deposition of Sunbelt, 66:21-67:7, 67:9-13, 68:8-69:3 (R.Doc. 70-1 at 18-21).

3

not survive scrutiny, the glaring omission from Sunbelt's opposition—and the Magistrate's ruling—is any attempt to explain how the requested information from unrelated claims *entirely unknown to Sunbelt* can bear on the question that would be relevant under this theory: *whether ASIC's actions caused Sunbelt to reasonably believe Wells Fargo had authority to accept notice of claims on ASIC's behalf*.[12] The Magistrate's failure to consider that the requested information from other unknown claims cannot possibly support the theory of "apparent" agency being pursued by Sunbelt constituted legal error and resulted in a determination of legal relevance that is clearly erroneous. Despite Sunbelt being given yet another opportunity to advance any plausible theory for how information from other unknown claims could be relevant here, Sunbelt again fails to do so.[13] Sunbelt avoids addressing how any of the requested information would actually support a viable theory of "agency" because it is clear that the requested information has no possibility of leading to relevant evidence on this issue considering what has already been adduced in discovery. The complete failure by Sunbelt to even attempt to offer a viable explanation as to how the requested information could be relevant to its case should be considered a tacit admission that Sunbelt knows that the discovery requests at issue are vexatious in nature and being used to delay proceedings, not to seek justice in this litigation.

### III. Sunbelt Makes No Attempt to Justify What Amounts to An Extremely Burdensome Request that Will Produce Meaningless Information

ASIC has explained, in detail, why the Magistrate's Order will require manual review and analysis of thousands of claims.[14] Sunbelt does not address these points, and instead merely asserts again, without any support whatsoever, that the Order to compel is not overly burdensome because

---

[12] *See Boulos v. Morrison*, 503 So. 2d 1, 3 (La. 1987) (discussing elements of apparent or implied agency).
[13] *See* R. Doc. 86 at 11 (providing a cursory explanation of its theory with absolutely no explanation for how the requested discovery could support its theory).
[14] *See* R. Doc. 72-1 at 13-16.

4

ASIC's records can be "indexed and searched."[15] As previously addressed, ASIC's records are not stored in a manner that would allow the information requested by Sunbelt to be compiled through any such automated search, and the very nature of the conditional information requested by Sunbelt should make it obvious that these requests cannot be answered through mere searches. The effort to analyze and compile the requested information will be considerable, and clearly and plainly outweighs any purported (and as of yet unexplained) probative value in this matter. For this additional reason, the Magistrate's Order compelling the compilation of information from unrelated claims should be reversed.

Respectfully Submitted,

/s/ Alistair M. Ward

_____
ROBERT I. SIEGEL (LA #12063)
ALISTAIR M. WARD (LA #24693)
**Gieger, Laborde & Laperouse, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Defendant AIG Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record this 4th day of April, 2017, by e- filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/ Alistair M. Ward

_____
ALISTAIR M. WARD

---

[15] *See* R. Doc. 86 at 15.

5